DARLING v. CITY OF NEWPORT NEWS.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 600. Argued April 15, 1919.—Decided April 28, 1919.

Generally speaking, private rights in land under tidal waters are subject to the right of the State to use such waters as a depository for sewage. P. 542.

Plaintiff held oyster beds in the tidal waters of Hampton Roads by leases from the State of Virginia, under whose laws, as long as he paid rent, he was declared to have the "exclusive right to occupy" the land for twenty years, subject to any rights of other persons previously acquired, with the State's guaranty of an "absolute right" to continue to use and occupy it for that period. *Held:* That the grant, construed strictly, with reference to the public necessity in that vicinity and previous pollution of the water, was subject to the right of the State to authorize the City of Newport News to discharge its sewage into the Roads, and that the consequent pollution of the plaintiff's oysters was neither (1) a taking of his property without due process, nor (2) an impairment of his contract rights, nor (3), (following the state court) a damage in the sense of the Virginia constitution, which requires compensation for property taken or damaged for public use. P. 543.

123 Virginia, 14, affirmed.

THE case is stated in the opinion.

*Mr. Maryus Jones* and *Mr. John Winston Read* for plaintiff in error:

The Virginia statutes give the lessee a property right (*Powell* v. *Tazewell*, 66 Virginia, 786; *McCready* v. *Virginia*, 94 U. S. 391), viz., the absolute and exclusive use and occupancy of this ground for a period of twenty years, with the right to renew for another period of twenty years, upon the same terms and conditions as set out in the original lease from the State. How then can the State afterwards grant to the city the authority to take and destroy this property without providing any compensation whatsoever? It would seem to be plain that such action not only impairs the obligation of the contract previously existing (Cooley's Const. Lim., 6th ed., p. 328; *Fletcher* v. *Peck*, 6 Cranch, 87, 136; *New Jersey* v. *Wilson*, 7 Cranch, 64), but likewise takes property for public use without just compensation, which the requirement of due process of law in the Fourteenth Amendment forbids.

[Counsel relied particularly upon the case of *Huffmire* v. *City of Brooklyn*, 162 N. Y. 584, as practically identical with this, and upon the dissenting opinion in the court below, 123 Virginia, 14, and authorities therein cited.]

*Mr. J. A. Massie* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff in error brought this bill in equity to prevent the City of Newport News from discharging its sewage in such a way as to pollute and ruin the plaintiff's oysters upon his beds under the tidal waters of Hampton Roads. A demurrer was sustained by the court of first instance and on appeal by the Supreme Court of Appeals, and the bill was dismissed. 123 Virginia, 14. The material facts are few. The plaintiff holds leases of the beds

from the State. The original ones were made in 1884 and
1885 for twenty years. In 1903, 1905 and 1912 they were
what is called reassigned to the plaintiff by what we under-
stand to have been new leases, by statute to be deemed
continuations of the original leases. In 1896 the City of
Newport News was incorporated with the grant of the
right to build sewers, which the City built in the manner
complained of. The grant, coupled with Acts of 1908,
c. 349, pp. 623, 624, authorizes the present discharge
through Salter's Creek into the tide waters of Hampton
Roads, with the effect alleged. By § 2137 of the Code of
Virginia it is provided that so long as a lessee of oyster
beds continues to pay the rent reserved "he shall have the
exclusive right to occupy said land for a period of twenty
years, subject to such rights, if any, as any other person
or persons may previously have acquired." By § 2137a,
originally Act of March 5, 1894, c. 743, § 10 (2), Acts 1893–4
pp. 840, 847, while he pays rent as required "the state
will guarantee the absolute right to the renter to continue
to use and occupy the same for the period of twenty years
the renter acquired." The bill alleges that if the statutes
purport to authorize the destruction of the plaintiff's
oysters they are contrary to the Constitution of the United
States and specifically to the Fourteenth Amendment.
In the assignment of errors to the Supreme Court of
Appeals the statutes are said also to violate the contract
clause. Article I, § 10. The jurisdiction of this court is
clear.

The fundamental question as to the rights of holders of
land under tide waters does not present the conflict of
two vitally important interests that exists with regard to
fresh water streams. There the needs of water supply
and of drainage compete. *Missouri* v. *Illinois*, 200 U. S.
496, 521, 522. The ocean hitherto has been treated as
open to the discharge of sewage from the cities upon its
shores. Whatever science may accomplish in the future

we are not aware that it yet has discovered any generally accepted way of avoiding the practical necessity of so using the great natural purifying basin.   Unless precluded by some right of a neighboring State, such as is not in question here, or by some act of its own, or of the United States, clearly a State may authorize a city to empty its drains into the sea.   Such at least would be its power unless it should create a nuisance that so seriously interfered with private property as to infringe constitutional rights.   And we apprehend that the mere ownership of a tract of land under the salt water would not be enough of itself to give a right to prevent the fouling of the water as supposed.   The ownership of such land, as distinguished from the shore, would be subject to the natural uses of the water.   So much may be accepted from the decisions in Virginia and elsewhere as established law.   *Hampton* v. *Watson*, 119 Virginia, 95; *Haskell* v. *New Bedford*, 108 Massachusetts, 208, 214; *Marcus Sayre Co.* v. *Newark.* 60 N. J. Eq. 361; *Illinois Central R. R. Co.* v. *Illinois*, 146 U. S. 387, 459.

The question before us then narrows itself to whether the State has done any act that precludes it from exercising what otherwise would be its powers.   On that issue we shall not inquire more curiously than did the Supreme Court of Appeals into the statutory warrant for the leases, or go into relative dates, but shall assume, for the purposes of decision, that the plaintiff is a lessee and is entitled to the benefit of the clauses that we have quoted from the Code.   But we agree with the court below that when land is let under the water of Hampton Roads, even though let for oyster beds, the lessee must be held to take the risk of the pollution of the water.   It cannot be supposed that for a dollar an acre, the rent mentioned in the Code, or whatever other sum the plaintiff paid, he acquired a property superior to that risk, or that by the mere making of the lease, the State contracted, if it

could, against using its legislative power to sanction one of the very most important public uses of water already partly polluted, and in the vicinity of half a dozen cities and towns, to which that water obviously furnished the natural place of discharge. See *Illinois Central R. R. Co.* v. *Illinois,* 146 U. S. 387. *Trimble* v. *Seattle,* 231 U. S. 683. The case is not changed by the guaranty in § 2137a. That is directed to the possession of the land, not to the quality of the water. It is unnecessary to cite the cases that have affirmed so frequently that the construction of public grants must be very strict.

The constitution of Virginia, like some others, requires compensation for property taken or damaged for public use. Const. 1902, § 58. But this seems to be construed by the dissenting judge as well as by the court below as not including damage like this, which would not have been a wrong even without the act of the legislature. It is a question that has been subject to much debate. See for example, *Caledonian Railway* v. *Walker's Trustees,* 7 App. Cas. 259, 293, *et seq.* *Taft* v. *Commonwealth,* 158 Massachusetts, 526, 548. *Transportation Co.* v. *Chicago,* 99 U. S. 635, 642. But upon that point we follow the Supreme Court of the State.

*Decree affirmed.*