R. E. Gibson, *et al.,* v. City of Tampa.

154 So. 842.
Division B.
Opinion Filed April 27, 1934.
Petition for Rehearing Denied June 4, 1934.

*James B. Gibson* and *Hampton, Bull & Crom,* for Appellants;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellee.

Per Curiam.—The decree appealed from dismissed a second amended bill of complaint brought to enjoin the city from discharging "raw or untreated sewerage" into the waters connected with the city and for incidental relief, it being alleged that such discharge peculiarly injures complainants' oyster beds in connecting waters. There being no clear showing as against the city for the equitable relief prayed, the decree dismissing the bill of complaint is affirmed without prejudice to any rights, if any, complain-

ants might have to maintain an action at law to redress the alleged injury.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., dissents.

DAVIS, C. J. (concurring).—A court of equity may properly refuse to grant an injunction when it appears that greater injury and inconvenience will be caused to the defendant by granting the injunction than will be caused to the complainant by refusing it. See cases cited in briefs of counsel appended to Missouri v. Illinois, 200 U. S. 496. And *laches* in such cases is universally held to be a bar to the drastic remedy of injunction. My view is that the present case is clearly within Harrisonville v. Dickey, etc., 60, 77. L. Ed. 1208, 289 U. S. 334, where it was held that injunction will be denied where substantial redress can be afforded by payment of money, even in cases where fact of nuisance is clearly established.

TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J. (dissenting).—The bill of complaint in this case should not have been dismissed on motion because the right of the State to supervise and control the shell fish industry of this State and make leases to individuals of the bottoms of rivers, bayous, bays and inlets bordering on or connecting with the Gulf of Mexico and the Atlantic Ocean within the jurisdiction of the State in the propagation of shell fish and development of that industry is not an inferior right to its power to authorize cities and towns bordering upon rivers, bayous, bays and inlets on the gulf and ocean to discharge their sewage into such waters. If that is true, then it follows that the bill in this case does present a conflict between two vitally important interests. From earliest history the

rivers and waters of the sea have afforded one of the great sources of wealth to a country.

In this State the people by legislative enactment have asserted the power to encourage, develop and protect the shell fish industry, which in the waters near the City of Tampa, so the bill alleges, is being destroyed by the discharge of the city's sewage into such waters.

According to the allegations of the bill that situation can be avoided by the use by the city of such scientific apparatus for incinerating its sewage, or passing it through septic disposal plants, as will remove from its sewage those deleterious elements which tend to destroy the oyster beds of the State in the vicinity of the city and thus interfere with the obligation of the contract between the State and one of its oyster bed lessees.

It seems to me, therefore, that as Mr. Justice HOLMES said in the case of Darling v. Newport News, 249 U. S. 540, 63 L. Ed. 759, 39 Sup. Ct. Rep. 371, the case in the circumstances alleged does present a conflict of two vitally important interests.

Sixteen years have passed since that decision, in which time large inland cities have been enabled through modern scientific methods to dispose of their sewage without danger to the health of the people or the pollution of nearby waters. or without creating nuisances to the unnecessary destruction of businesses affected by something of a public interest or even strictly private rights.

In the conclusion of the briefs for the city the solicitors seem to admit that the question resolves itself to one of financial convenience to the city to establish the modern scientific disinfecting plants through which to pass the city's sewage.

The case should not turn upon the question whether the injury of an injunction would be greater to the defendant

than to the complainant, because if it is reasonable, convenient or feasible for the city to avoid the nuisance or destruction of the complainants' rights by the use of modern disposal and disinfecting plants for its sewage it is its duty to do so.