R. E. GIBSON, *et al.,* v. CITY OF TAMPA.

185 So. 319.

Opinion Filed December 21, 1938.

*James B. Gibson, Jr.,* and *Hampton, Bull & Crom,* for Plaintiff in Error.

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Defendant in Error.

TERRELL, C. J.—This is our second consideration of this case. On first consideration reported in 114 Fla. 619, 154 So. 842, we affirmed the decision of the Chancellor dismissing the second amended bill of complaint seeking to restrain the City of Tampa from discharging untreated sewage into the waters and arms of Hillsborough River and Bay, thereby polluting the oyster beds of the complainants.

The affirmance was without prejudice to the right of complainants to redress any injury they might have in an action at law.

On the going down of the mandate, the complainants filed their declaration in four counts wherein they allege that they have under the law of this State acquired title by lease to what is known as Long Bar and Catfish Bar in Hillsborough Bay, that over a course of years they have paid the rental on and have expended large sums in propagating oysters on said bars, that they have built up a valuable business and now have a large income from the sale of oysters produced from said bars, that years after plaintiffs acquired said bars, the City of Tampa commenced and has continued the deposit of raw sewage thereon, that said deposits have continued for a long period and have gradually destroyed the oyster business of the plaintiffs by polluting their oysters, that the conduct of the city amounts to a nuisance in that approximately two and one-half to four million gallons of raw and untreated sewage per day are deposited into Hillsborough River and Bay, that plaintiffs protested and the City could have by scientific methods disinfected and rendered harmless said sewage, that the health officers of the City now prohibit plaintiffs from selling their oysters notwithstanding the fact that they have an investment of fifty thousand dollars in the cultivation of said oyster bars and approximately fifty thousand barrels of oysters on each bar worth one dollar per barrel.

Plaintiffs also set up in their declaration the assurance given them under Chapter 6532, Acts of 1913, a comprehensive law protecting the oyster culture in Florida and say that while they have acquired their leases long before the passage of this Act that they were continued thereunder and that they have observed the provisions thereof to the letter, that at the time the declaration herein was filed, they had

built up a business on said oyster leases of approximately five thousand dollars per year and that while their business was large, they could not supply the local demand.

In February, 1937, defendants filed pleas and amended pleas to the declaration, two of which were designated pleas 2-X and 3-X in which they deny that Modern Science has discovered means of disinfecting raw sewage to the extent that such means would be available to defendant because the cost of a purification plant and system for that purpose would be approximately $5,700,000, which the resources of the City would not stand and would be beyond the City's debt limit. A demurrer to these pleas was overruled, the plaintiffs refused to plead further, final judgment was entered for defendant and the plaintiffs took writ of error.

In the state of the pleadings, the sole questions with which we are confronted is the correctness of the order overruling plaintiff's demurrer to defendant's pleas Numberes 2-X and 3-X. Plaintiffs in error contend that said pleas were not sufficient in that they failed to set up facts showing that the cost of a disinfecting plant was prohibitive and that being so, the demurrer to them should have been sustained. They rely on State of New Jersey v. City of New York, 283 U. S. 473, 51 Sup. Ct. 519, 75 L. Ed. 1176, and like cases to support their contention.

The defendant in error relies on what has been termed its ancient and common law right, being that of all municipalities bordering on tide waters to empty their sewage into the sea. They rely on Darling v. Newport News, 249 U. S. 540, 39 Sup. Ct. 371, 63 L. Ed. 759, and like cases to support this contention. As to their defense of the inability of the City to afford a purifying system, it relies on Lovejoy v. City of Norwalk, 112 Conn. 199, 152 Atl. 210.

We have examined these contentions together with the

cases relied on and in so far as the question involved on this writ of error is concerned, we think they are conclusive and that the judgment below must be affirmed but only to the extent that the City is not required to furnish a disinfectant plant. The other pleas to the declaration placed in issue the right and status of the plaintiffs under Chapter 6532, Acts of 1913, and that issue was not contemplated in the final judgment appealed from.

In our view, the enactment of Chapter 6532, Acts of 1913, and other acts to provide for the propagation and culture of oysters materially altered the common law right of defendant to empty its raw sewage into the ocean. Parties taking advantage of the provisions of these Acts by acquiring oyster leases and investing large sums in the propagation of oysters acquire valuable rights therein which cannot be taken from them except by due process of law.

Consequently damages that are merely *damnum abseque injuria* and which cannot be compensated for have no reference to one who has in compliance with the law acquired extensive water bottoms and invested large sums propagating oysters or other shell fish under the law's protection. It would be as reasonable to contend that one's home or other property could be taken from him without compensation.

The pleadings disclose that the lands covered by the leases in question are particularly adapted to the propagation and culture of oysters which is recognized as an important industry in this State. The leases were alleged to be of long standing and if this be true, they cannot be appropriated by the city without appropriate compensation any more than it can appropriate lands for streets or other purposes without compensation.

The pleadings put these questions in issue as they also do any right the plaintiffs may have acquired under Chap-

ter 6532, Acts of 1913, and amendments thereof. The judgment below is accordingly affirmed but without prejudice to the plaintiffs and defendant to amend their pleadings if necessary and submit to a jury proof of any damages sustained by them as a result of the city's conduct.

Affirmed with directions.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.