LOWE *et al. v.* SIMMONS, CHIEF OF POLICE, *et al.*

(Division A. March 20, 1939.)

[187 So. 214. No. 33636.]

Hilton, Berry & Kendall, of Jackson, for appellants.

**J. Will Young, Jr.,** and **W. E. Morse,** both of Jackson, for appellees.

**McGowen, J.,** delivered the opinion of the court.

Fred Lowe, et al., appellants here, filed a petition in the Circuit Court for a writ of prohibition against Simmons, Chief of Police, and Horton, Police Justice, of the City of Jackson. The appellees, the Chief of Police and the Police Justice, appeared and filed a demurrer to the petition which was sustained by the court. The petition was dismissed and the writ of prohibition denied, from which an appeal is prosecuted to this Court.

In substance, the petition alleged that Lowe and others were taxicab drivers, citizens of Rankin County. The taxicabs were owned by citizens of said county, who had an established place of business in said county, but as operators of the taxicabs, the petitioners served patrons from Rankin County to various cities, towns and villages in the State. They alleged they had no place of business within the City of Jackson, nor did they cruise the streets for the purpose of soliciting passengers.

The petition further shows that these taxicab drivers operated their taxicabs from E. Jackson in Rankin County, and a considerable portion of their business was to transport passengers from the community of E. Jackson, a suburb of the City of Jackson, into Jackson; and that they frequently, in response to telephone calls and otherwise, transported passengers from within the City

of Jackson to Rankin County and other points; that they at no time transported passengers from a point within the City of Jackson to another point within said city; and that the fees for the service were paid in Rankin County. The petition further alleged that they had complied with all of the laws relating to the operation of taxicabs by them required in the County of Rankin, and that they had paid all license required by said county and state in Rankin County. The petition further stated that the appellee Simmons had caused them to be arrested and fines had been imposed by the Police Justice Horton; and that these arrests and fines would continue in an effort on the part of these officials to enforce these municipal ordinances of the City of Jackson. They alleged that they violated no valid ordinance of the city, and their continued arrest, prosecution and conviction, as threatened by the officials, would wreck their business and their occupation would be destroyed unless the Court issued a writ prohibiting the enforcement of the alleged invalid ordinance.

The ordinances alleged to be invalid in which the municipal authorities are undertaking to enforce by arrest, prosecution and conviction are as follows: "1442. That no person shall drive, operate or control while in use for hire on the streets of said City, any public taxi or vehicle for hire for carrying passengers in the City of Jackson until he shall satisfy the Mayor and Councilmen thereof that he is a person of sufficient age and discretion, of fair character and integrity, and not addicted to the use of intoxicating liquors or narcotics and shall have received from said mayor and councilmen a permit so to do as hereinafter provided; and the owner of such taxi or vehicle shall not place in charge of said taxi or vehicle any person not having such permit". "1443. That before any person shall drive, either for his own account or for some other person, any public taxi or vehicle carrying passengers for hire in the City of Jackson he shall make application to the Council of said City

for a permit; and it shall appear that the applicant is of sufficient age and discretion, and is a suitable person to engage in the business of operating and driving a public taxi or vehicle carrying passengers for hire in said City, said Board shall make an order directing the Clerk of said City to issue a permit to such applicants, and such permit shall be issued under seal of said City and shall be good until revoked by the said Mayor and Councilmen, for good cause upon hearing of which the party shall have a reasonable notice and opportunity to be heard''.

The legislative authority for the ordinances set forth in full, supra, is to be found in Article 2, Chap. 138, Code 1930, sections 5596-5601, both inclusive. Article 138 was enacted by the Legislature in its entirety as Chap. 217 of the Laws of 1922.

Sec. 5596 is as follows: ''Municipalities—motor vehicles for hire—permits required for.—No person may drive or operate motor vehicles for hire in any city or town in this state unless he shall first have been licensed so to do as follows: He shall make application to the mayor of such municipality in writing, accompanied by a statement of some reputable citizen thereof, that the applicant is over the age of eighteen years, an experienced driver, of good moral character and physically and mentally capacitated to drive and operate such motor vehicle; and the mayor shall place such application before the board of aldermen, or other governing authorities, whereupon inquiry may be made by such governing authorities into the moral character, mental and physical fitness of the applicant, and if the permit shall be granted the applicant shall receive a certificate of such permit, signed by the mayor, together with a metallic badge, which shall have a number thereon, with the name of the municipality, and shall be worn so that the same will be displayed while engaged in or about such occupation. The governing authorities of the municipality may require the applicant to give a reasonable

bond, of not more than five hundred dollars, to guarantee the faithful observance of the law as well as the rules and regulations which may be prescribed by the said municipality; and may also require a reasonable fee, not to exceed one dollar for such permit and badge. In the event the governing authority of such municipality refuse to grant such permit to an applicant, an appeal may be taken to the circuit court, in the manner provided by law for appealing from other orders of the governing authorities of municipalities, and the questions to be tried upon appeal will be as to the age and experience and the moral, mental and physical fitness of the said applicant to pursue such vocation in such municipality''.

Sec. 5597 makes it unlawful for a driver to transfer a badge to another person. Sec. 5598 grants the governing authority the power of revocation of permits, containing six subheads or grounds therefor, after which this language is used: ''The said authority may by ordinance prescribe other reasonable rules and regulations governing the use and operation of motor vehicles for hire within the municipality, and cause the same to be observed by such driver or operator, under penalty of revocation or suspension of such permit''. That section further provides for an appeal from an order of suspension. Sec. 5599 requires the vehicle to be registered and numbered. Sec. 5600 prohibits the driver of a motor vehicle for hire, carrying both whites and negroes at the same time, with a certain exception, and with this proviso: ''provided further that this section shall not apply to interurban motor vehicles designed to carry more than seven passengers''.

It is the precise contention of the appellants in this case that the ordinances attempted to be enforced by the municipal authorities in this case are not void per se, but that the said ordinances are unconstitutional and void in so far as they are applied to the appellants; that the City of Jackson had neither expressed nor implied authority to so construe as to make them applicable to

them, for the reason that the statutes did not expressly or impliedly permit the appellants to be subjected thereto, for the reason that the business operated by appellants as drivers of taxicabs for hire was not conducted wholly within the municipal boundaries of the City of Jackson.

It will be observed that the language of the first sentence of Sec. 5596 is broad enough to and does include all persons who drive or operate motor vehicles for hire in any city in this State unless he shall have been licensed as required by the statute. It will be observed further that the ordinances attempted to be enforced in this case are substantially and to all intents and purposes in the same language as the statute. The intention of the Legislature, as well as the intention of the ordinance, was to subject thereto those drivers of taxicabs who carried on the business or avocation of transporting passengers on the streets of Jackson. We are not dealing here with an isolated case of a driver of a taxicab for hire who on a single occasion drove upon the streets of the city, but we are dealing with those who say that their business will be wrecked if these ordinances are enforced. It applies to carrying on the business of driving motor vehicles or taxicabs as a substantial part of their business or avocation on the streets and in the City of Jackson, inter-urban as well as intra-urban. If these five sections, which were enacted into law at the same time, were to be construed in pari materia, then we find that the Legislature expressed its intention when it set forth in Sec. 5600 the only exceptions which the Legislature thought proper to allow to the application of the law in that it excepted inter-urban motor vehicles designed to carry more than seven passengers and negro servants necessarily in attendance upon a white person.

It cannot be disputed that these controlling statutes and the ordinances are not revenue measures, but are the exercise of the police power in order to protect the public safety or people traveling upon the streets of the

municipality. As we understand the briefs of counsel, they are relying upon the fact that $1 is charged for the permit which includes a badge for the applicant driver. This insignificant charge can not bring the ordinances in any view of the case to be considered as revenue measures. This charge is incidental to the enforcement of the statutes and ordinances.

The main case relied upon by appellant is the City of Argenta v. Keath, 130 Ark. 334, 197 S. W. 686, L. R. A. 1918B, 888, in which the Court held that the ordinances could not be enforced by the City of Argenta upon taxicabs engaged in interurban business and passing through Argenta there receiving and delivering passengers, for the reason that it was a revenue measure as shown by the ordinance and was prohibited by the controlling statutes of that state.

There is no allegation that the drivers of taxicabs for hire complaining here are in anywise engaged in interstate commerce. The Supreme Court of the United States held in the case of Sprout v. City of South Bend, Indiana, 277 U. S. 163, 48 S. Ct. 502, 504, 72 L. Ed. 833, 62 A. L. R. 45: "that, in the absence of federal legislation covering the subject, the state may impose, even upon vehicles using the highways exclusively in interstate commerce, non-discriminatory regulations for the purpose of insuring the public safety and convenience; that licensing or registration of busses is a measure appropriate to that end; and that a license fee no larger in amount than is reasonably required to defray the expense of administering the regulations may be demanded. Hendrick v. Maryland, 235 U. S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385, [390]; Kane v. New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222; Morris v. Duby, 274 U. S. 135, 47 S. Ct. 548, 71 L. Ed. 966; Clark v. Poor, 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199." And, that "These powers may also be exercised by a city if authorized to do so by appropriate legislation". Citing authorities.

The legislation here is designed to protect the public

in cities and towns where presumably the travel is greater and the hazard to the public more than in other places in the state. It is not only appropriate legislation, but it is highly important that it be enforced for the public safety.

It is said that this construction renders the ordinances and the statute unconstitutional and void, but this question is only raised without argument and without authority to support it. It is so clearly within the police power of the state to thus provide for competent drivers of taxicabs operated for hire in municipalities as to solve itself. If the statute and ordinances are construed as contended for by appellants, then there might be a question as to their validity. This Court has held that ordinances similar to these are reasonable and valid in Scott v. Hart, 128 Miss. 353, 91 So. 17. We can find nothing objectionable, unreasonable or arbitrary in requiring these appellants to obey the ordinances and statutes here involved.

Under the allegations of the petition, appellants are guilty of violating the statutes of the state, and the ordinances of the city which are reasonable and valid in the exercise of the police power of the State for the public safety. The fact that these drivers engage in no intra-urban business is unimportant and inconsequential.

Affirmed.