ALLEN v. CITY OF KOSCIUSKO.

In Banc. Oct. 24, 1949

No. 37201 (42 So. (2d) 388)

King & King, for appellant.

Morgan, Thornton & Morgan, for appellee.

Montgomery, J.

The appellant was the holder of a license or permit, granted him by the City of Kosciusko, to operate a fleet of taxicabs on the streets of that municipality. On July 6, 1948, the City Council revoked appellant's license, without notice and without a hearing, and appellant appealed from this judgment to the circuit court. While the appeal was pending, the City Council determined that the public safety and security required a more effective regulation of taxicabs than imposed by existing ordinances and passed Ordinance No. 168 on August 3, 1948, revoking all outstanding permits heretofore issued and requiring all persons, firms, or corporations before operating taxicabs or motor vehicles for hire on its public streets to file a written application for permit, in the form and

substance required by the ordinance, to give a $500 bond conditioned for the faithful performance of such operation, and the true observance of the ordinances of the City of Kosciusko and the laws of the State of Mississippi; and requiring the applicant to carry both public liability and property damage insurance in a minimum of $5,000 on each motor vehicle so operated; which ordinance was made effective from and after its date. When the matter came on to be heard in the circuit court on September 29, 1948, the city moved to dismiss the appeal on the ground that the revocation complained of had become moot by the passage of Ordinance No. 168, and the revocation of all permits thereby. This motion was sustained by the circuit court, and judgment was there entered dismissing the appeal at the cost of the appellant. Appellant appeals to this Court from that judgment.

It is urged by appellant that he had a vested right in the permit, and that Section 7 of Ordinance No. 168 is unconstitutional in that it revokes without cause his and all other permits to operate taxicabs in Kosciusko. ██ ██ The permit to operate taxicabs on and over the streets of Kosciusko constitutes a permit to do that which would otherwise be unlawful. It is mere personal privilege, revocable for due cause and is not a vested, or property right, in a constitutional sense. Scott v. Hart, 128 Miss. 353, 91 So. 17.

60 C.J.S., Motor Vehicles, § 159, page 481, states the rule as follows: "A chauffeur's or operator's license which has been regularly issued is valid and remains in force unless or until suspended or revoked by the proper authority, or until it is surrendered, particularly where the statute requiring operators of motor vehicles to have licenses does not provide for periodic licenses. A license to operate an automobile is a permit to do what otherwise would be unlawful. It is merely a personal privilege, revocable for due cause, as considered infra § 160, and not a vested, natural, contract or property

right, in a legal or constitutional sense, which may be sold or assigned.''

The Legislature, realizing the great number of automobiles, taxicabs and motor vehicles being operated upon and over the streets of the cities of the State, and the duty of the city to protect the safety of the public, and realizing the extensive use made of taxicabs by the general public, enacted Sec. 3495 of the Code of 1942, reading as follows: ''No person may drive or operate motor vehicles for hire in any city or town in this state unless he shall first have been licensed so to do as follows: He shall make application to the mayor of such municipality in writing, accompanied by a statement of some reputable citizen thereof, that the applicant is over the age of eighteen years, an experienced driver, of good moral character and physically and mentally capacitated to drive and operate such motor vehicle; and the mayor shall place such application before the board of aldermen, or other governing authorities, whereupon inquiry may be made by such governing authorities into the moral character, mental and physical fitness of the applicant, and if the permit shall be granted the applicant shall receive a certificate of such permit, signed by the mayor, together with a metallic badge, which shall have a number thereon, with the name of the municipality, and shall be worn so that the name will be displayed while engaged in or about such occupation. The governing authorities of the municipality may require the applicant to give a reasonable bond, of not more than five hundred dollars, to guarantee the faithful observance of the law as well as the rules and regulations which may be prescribed by the said municipality; and may also require a reasonable fee, not to exceed one dollar for such permit and badge. In the event the governing authority of such municipality refuse to grant such permit to an applicant, an appeal may be taken to the circuit court, in the manner provided by law for appealing

from other orders of the governing authorities of municipalities, and the questions to be tried upon appeal will be as to the age and experience and the moral, mental and physical fitness of the said applicant to pursue such vocation in such municipality.''

We held in Lowe v. Simmons, 185 Miss. 88, 187 So. 214, that Sec. 3495 of the Code of 1942 constitutes a lawful exercise of the State's police powers. In Brogan v. Hosey, 172 Miss. 869, 161 So. 690, this Court held that, under said statute, a municipality may reasonably require the operators of taxicabs within its boundaries to carry liability insurance.

 The City of Kosciusko had the right, and it was its duty, when, by reason of changed circumstances and conditions, the public safety reasonably required it to amend its ordinances regulating the operations of taxicabs within the city, so long as, to the extent that, said amended ordinance remained within the limits of the powers conferred on the municipality by the Legislature. One exercise of the police power does not exhaust the power, but it may be re-exercised by the city at any time so long as reasonably required in behalf of the public safety and welfare, and so long as the city does not exceed the powers clearly delegated to them by the Legislature. It would be a horrible condition, indeed, if appellant could lawfully say: ''I have a permit which gives me the privilege of operating taxicabs on the public streets of Kosciusko, under the terms of the ordinance under which it was issued, and neither the City of Kosciusko nor the State Legislature has the power to impose additional regulations not required by that ordinance, regardless of the rights of the public to equally use the streets, and of any need, however urgent, for further regulation for the protection of the public.'' Such is not the law and never has been. When appellant procured his permit, the law wrote into it, the right of the Legislature, in the reasonable exercise of

the State's police power, to, from time to time, either revoke it completely or make such additional changes therein or regulation thereof as might be reasonably required for the protection of the public safety, peace, health, morals or welfare, and the city had the same right to the extent, but only to the extent, that said police power of the State had been by statute delegated to them. Pace et al. v. State, 191 Miss. 780, 4 So. (2d) 270; Illinois Cent. R. Company v. State of Illinois, 146 U.S. 387, 13 S. Ct. 110, 118, 36 L. Ed. 1018; Cited with approval in Pace, et al. v. State, supra; Darling v. City of Newport News, 249 U.S. 540, 39 S. Ct. 371, 63 L. Ed. 759; St. Anthony Falls Water-Power Company v. Board of Water Commissioners of the City of St. Paul, 168 U.S. 349, 372, 18 S. Ct. 157, 166, 42 L. Ed. 497, 506.

 It is not necessary for us to pass upon the validity of the order of the City Council of July 6, 1948, revoking appellant's permit, and we do not do so. The validity of that order has now become moot, and the court below was correct in so holding. It was a reasonable exercise of the police power of the city, delegated to it by the State, to cancel all permits then outstanding and set up reasonable new standards for regulating and supervising the operation of taxicabs for hire within the municipality.

 Appellant complains of the unconstitutionality of certain regulations imposed by Ordinance No. 168, but the record shows that he has never applied for a permit under the new ordinance, has not been granted any permit under the new ordinance, nor have his rights been affected by the sections of the ordinance complained of, except of course the section revoking all outstanding permits, and which section we have hereinabove held to be a valid exercise by the municipality of the police power delegated it by the State. As to all other provisions of the ordinance, appellant's rights are not affected thereby. It is the established law of this State

350

that a party not affected by the enforcement of a statute or ordinance cannot question its constitutionality. Clark v. State, 169 Miss. 369, 152 So. 820; Adams v. Board of Supervisors of Union County, 177 Miss. 403, 170 So. 684, and numerous other cases.

The judgment of the lower court is affirmed.

Affirmed.