### TOWN OF LANTANA v. PELCZYNSKI.

No. 73-28 CA.

Circuit Court, Palm Beach County, Criminal Appeal.

July 19, 1973.

John L. Parker, Jr., West Palm Beach, for the appellant.

James M. Adams, West Palm Beach, for the appellee.

MARVIN MOUNTS, Jr., Circuit Judge.

This cause came before the court on June 15, 1973, for oral argument. Upon due consideration of the briefs and arguments, the court reverses appellant's conviction.

On March 19, 1973, the night before a Lantana town election, the appellant circulated a letter entitled — "To Lantana With Love". The court finds that the letter, which was signed by the appellant, was a political leaflet or circular and that it discussed governmental affairs and the relative qualifications of two candidates for public office. The letter alleged, among other things, that the incumbent mayor had not devoted sufficient time to his mayoral post. It urged citizens to vote for the mayor's opponent. That opponent was subsequently elected.

Appellant was convicted in the Lantana Municipal Court of a violation of the Lantana Ordinance 8-20, Lantana Code, which reads as follows —

> "It shall be unlawful for any candidate or other person, during seven days preceding the day of any election, to publish or circulate or cause to be published or circulated any charge against or attack against any candidate unless such charge or attack has been personally served upon the candidate at least seven days prior to the day of election, and any person failing to comply with this section shall, upon conviction, be guilty of a violation of the code of Lantana. Any answer to a charge or attack that contains defensive matter shall not be construed to be a charge or attack."

Lantana Ordinance 8-20 violates Article I, Sections 4 and 9 of Florida Constitution and the First Amendment to the Constitution of the United States as it applies to the states through the Fourteenth Amendment to the Constitution of the United States.

Appellant relies principally on Mills v. Alabama, 384 U.S. 214, 16 L.Ed2d 484, 86 S.Ct. 1434 (1966). Appellee argues that the *Mills* case is clearly distinguishable on its facts.

It seems to the court, however, that Mills v. Alabama and a later case, Organization for a Better Austin v. Keefe, 402 U.S. 415, 29 L.Ed2d 1, 91 S.Ct. 1575 (1971), are unmistakably clear in their pronouncements and guidelines. In both these cases there was almost complete unanimity in our Federal Supreme Court, and, as the court stated in *Mills* —

> "Whatever differences may exist about interpretations of the First Amendment, there is practically universal agreement that a major purpose of that amendment was to protect the free discussion of governmental affairs. This, of course, includes discussions of candidates, structures and forms of government, the manner in which government is operated or should be operated, and all such matters relating to political processes. The constitution specifically selected the press, which includes not only newspapers, books and magazines, but also humble leaflets and circulars, (citation omitted), to play an important role in the discussion of public affairs."

If there was ever any doubt as to whether the Federal Supreme Court's pronouncements applied to leaflets and circulars, that doubt was laid to rest in 1972 when the court stated in Branzburg v. Hayes, 33 L.Ed2d 626, that —

> "Freedom of the press is a 'fundamental personal right' which is not confined to newspapers and periodicals. It necessarily embraces pamphlets and leaflets . . . Free press in its historic connotation comprehends every sort of publication which affords a vehicle of information and opinion."

As the appellant points out in his brief, if a person learned that a candidate was guilty of a crime involving moral turpitude or other conduct patently inimical to his ability to serve the public on the sixth day prior to an election, he runs the risk of criminal prosecution if he attempts to publish or circulate this information. But that is not so much the point because it is elementary that the courts do not concern themselves with the truth or validity of a publication when First Amendment rights are concerned. Organization for a Better Austin v. Keefe, supra.

Not only is section 8-20 of the Lantana Code an infringement upon freedom of the press and of speech, it is also a denial of due process of law because the ordinance is too vague, indefinite and uncertain to constitute notice of what language may fall within its purview as a charge or attack. The statute does not define or establish a standard of guilt. Who is to determine whether or not a statement concerning a candidate constitutes a charge or attack and is it not true that one statement about a candidate could be considered a charge by some people while it would be considered helpful and laudatory by others? For example, to charge that a candidate for office in Palm Beach County has just recently retired from a northern state could be either a help or a hindrance, depending on the ear of the particular person who hears it.

The state may not enact such a broad and impermissibly vague penal statute and leave it to the courts on a case by case basis to determine the constitutionality of its application to various factual situations.

In ruling that this ordinance is unconstitutional, the court is not unmindful of the fact that the Florida Supreme Court held a similar state statute to be constitutional in 1934, almost 40 years ago. That Florida Statute, after which the Lantana ordinance here invalidated appears to have been modeled, was Florida Statute 104.34. It was repealed by the Florida legislature in 1965.

A careful reading of that Florida Supreme Court decision, which is Ex parte Hawthorne, 116 Fla. 608, 156 So. 619 (Fla. 1934), persuades me that it is anomalous and not on point factually. In that case, the state attorney of Dade County broadcast (within the time period prohibited by the statute) over radio station WIOD in that county a profoundly blistering political attack upon the county solicitor and that county solicitor's political ally and friend who was a candidate for election to the House of Representatives for the state of Florida. Hawthorne's co-defendant published Hawthorne's radio broadcast in a newspaper and the county solicitor then informed against both of them for violating Florida Statute 104.34.

Our Florida Supreme Court discharged petitioners Hawthorne and his publisher co-defendant with the interpretation that the statute in question was not applicable to the making of charges or attacks in the form of ordinary campaign addresses which the newspapers are at liberty to publish as a matter of news if they so choose, subject to the laws of libel and slander.

The decision of the court below is reversed and the cause remanded for the entry of a judgment of acquittal and the discharge of the defendant.