303 So.2d 326 (1974)
TOWN OF LANTANA, Petitioner,
v.
Jim PELCZYNSKI, Respondent.
No. 45193.
Supreme Court of Florida.
November 13, 1974.
Charles W. Musgrove, West Palm Beach, for petitioner.
John L. Parker, Jr., West Palm Beach, for respondent.
DEKLE, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Fourth District, in Town of Lantana v. Pelczyski, reported at 290 So.2d 566 (Fla.App.4th 1974), which purportedly conflicts with this Court's decision in Ex Parte Hawthorne, 116 Fla. 608, 156 So. 619 (1934).
The issue before us is the constitutionality of Lantana Town Ordinance 8-20 which provides:
"It shall be unlawful for any candidate or other person, during seven (7) days *327 preceding the day of any election, to publish or circulate or cause to be published or circulated any charge against or attack against any candidate unless such charge or attack has been personally served upon the candidate at least seven (7) days prior to the day of election, and any person failing to comply with this section shall, upon conviction, be guilty of a violation of the code of Lantana. Any answer to a charge or attack that contains defensive matter shall not be construed to be a charge or attack."
Respondent was charged and convicted in municipal court for violation of the ordinance. On appeal, the circuit court held and we agree that this ordinance violates Art. I, §§ 4 and 9, of the Constitution of Florida and the First Amendment to the Constitution of the United States.
The district court agreed with the circuit court's judgment reported at 39 Fla. Supp. 76, holding the ordinance unconstitutional; petition for writ of certiorari was accordingly denied.
We are not unmindful of the decision of this Court in 1934, Ex Parte Hawthorne, supra, in which we upheld a statute comparable to the Lantana ordinance now in question. However, subsequent to this Court's decision in Ex Parte Hawthorne, the U.S. Supreme Court in Mills v. Alabama, 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966), decided that an Alabama statute comparable to the Lantana ordinance and the statute challenged in Ex Parte Hawthorne was invalid; the state law announced in Ex Parte Hawthorne must therefore yield to the decision of the Supreme Court of the United States in its interpretation of the Constitution of the United States.
There is no question that the State has the power and the duty to insure free and fair elections. Mills v. Alabama, supra; The Miami Herald Publishing Co. v. Tornillo, 418 U.S. 241, 94 S.Ct. 2831, 41 L.Ed.2d 730, decided June 25, 1974, Justice White's concurring opinion. Specifically, the Supreme Court of the United States in Mills v. Alabama stated:
"The First Amendment, which applies to the States through the Fourteenth, prohibits laws `abridging the freedom of speech, or of the press.' The question here is whether it abridges freedom of the press for a State to punish a newspaper editor for doing no more than publishing an editorial on election day urging people to vote a particular way in the election. We should point out at once that this question in no way involves the extent of a State's power to regulate conduct in and around the polls in order to maintain peace, order and decorum there. The sole reason for the charge that Mills violated the law is that he wrote and published an editorial on election day urging Birmingham voters to cast their votes in favor of changing their form of government." (emphasis ours)
Justice White in his concurring opinion in Tornillo, supra, likewise concedes the important interest of the State in ensuring free and fair elections.
In determining that the Alabama statute in question was unconstitutional, the Supreme Court in Mills opined:
"Whatever differences may exist about interpretations of the First Amendment, there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs. This of course includes discussions of candidates, structures and forms of government, the manner in which government is operated or should be operated, and all such matters relating to political processes. The Constitution specifically selected the press, which includes not only newspapers, books, and magazines, but also humble leaflets and circulars, see Lovell v. City of Griffin, 303 U.S. 444 [58 S.Ct. 666, 82 L.Ed. 949], to play an important role *328 in the discussion of public affairs. Thus the press serves and was designed to serve as a powerful antidote to any abuses of power by governmental officials and as a constitutionally chosen means for keeping officials elected by the people responsible to all the people whom they were selected to serve. Suppression of the right of the press to praise or criticize governmental agents and to clamor and contend for or against change, which is all that this editorial did, muzzles one of the very agencies the Framers of our Constitution thoughtfully and deliberately selected to improve our society and keep it free. The Alabama Corrupt Practices Act by providing criminal penalties for publishing editorials such as the one here silences the press at a time when it can be most effective. It is difficult to conceive of a more obvious and flagrant abridgment of the constitutionally guaranteed freedom of the press."
The U.S. Supreme Court has directly coupled the freedom of the press with responsibility of the press, saying in Pennekamp v. Florida, 328 U.S. 331, 356, 365, 66 S.Ct. 1029, 90 L.Ed. 1295 (1946) (as restated and quoted in Miami Herald v. Tornillo, supra, in Mr. Justice White's concurring opinion), "freedom of the press is not a freedom from responsibility for its exercise... ." This is a responsibility which the press itself has acknowledged as a proper safeguard of the great trust invested in it by the constitution.
We have examined with interest the thorough consideration of the authorities in Judge Walden's able dissent; it reflects reasoned distinctions, but these do not rule out the possible mischief to a free exchange of expression from all sides, which could result from the restrictive ordinance in question; it is this restriction which is constitutionally impermissive. The Lantana ordinance outlaws not only false statements but true statements as well, those that would be helpful and fair, as well as any which might be harmful and prejudicial. The ordinance constitutes a clear incursion on First Amendment rights. Having so determined, it becomes unnecessary to reach the question of vagueness.
Accordingly, we hold the ordinance unconstitutional on the authority of Mills v. Alabama, supra, and affirm the judgment of the district court.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD and OVERTON, JJ., concur.