351 So.2d 44 (1976)
William SADOWSKI, Appellant,
v.
Robert SHEVIN, Attorney General for the State of Florida, et al., Appellees, and Ronald S. Lieberman, Intervenor-Appellee.
No. 76-1036.
District Court of Appeal of Florida, Third District.
June 24, 1976.
*45 Talbot D'Alemberte, William E. Sadowski, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and James Whisenand, Asst. Atty. Gen., Tallahassee, Hershoff, Smith, Berlinsky & Lieberman and Sheridan K. Weinstein, Miami, for appellees.
Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
SACK, MARTIN, Associate Judge.
Plaintiff, William Sadowski, takes this interlocutory appeal to review an order denying his motion for preliminary injunction against the enforcement of § 106.15, Fla. Stat., F.S.A., which he alleges is unconstitutional. The trial judge denied the motion on the grounds that the granting of the injunction would disturb the status quo under the existing election laws, and plaintiff has been guilty of laches in challenging the statute.
Plaintiff is an announced candidate for election to the Florida House of Representatives. He filed his preliminary papers with the Secretary of State and in April 1976 opened his campaign depository, designated a treasurer and commenced collection of campaign funds. Being desirous of spending these funds for media advertising and printing while the legislature was still in session, plaintiff on May 11 filed a complaint for injunctive and declaratory relief seeking to have declared unconstitutional § 106.15, Fla. Stat., F.S.A.[1] which prohibits certain types of campaign advertising by candidates prior to qualifying for office (until 63 days before election). In addition, he filed a motion for a preliminary injunction against the enforcement of § 106.15, Fla. Stat. and any interference with the plaintiff's right to free speech and to seek elective office. Another candidate for the same office was permitted to intervene and he contended that his campaign is geared to a July commencement pursuant to the dictates of § 106.15, Fla. Stat. and he would be disadvantaged if the requested preliminary injunction is granted. After a hearing, the trial judge denied the preliminary injunction and plaintiff appeals therefrom.
Wide judicial discretion rests in the trial court in granting, denying dissolving or modifying injunctions and an appellate court will not interfere where no abuse of that discretion has been made to appear. Lane v. Clein, Fla.App. 1962, 137 So.2d 15; Cunningham v. Dozer, Fla.App. 1963, 159 So.2d 105; Baboun v. Royal Atlas Corp., Fla.App. 1973, 287 So.2d 407. A trial court may properly refuse to grant an injunction when it appears that greater injury and inconvenience would be caused to the defendant by granting the injunction than denying it, or where the granting of an injunction will result in confusion, disorder and injury to the public outweighing any individual right to relief the complainant may have. Bronson and Lanier, Trustees v. Board of Public Instruction, 108 Fla. 1, 145 So. 833 (1933); Gibson, et al. v. City of Tampa, 114 Fla. 619, 154 So. 842 (1934).
*46 Unquestionably if the trial court had granted plaintiff's request for preliminary injunction, the upcoming fall election and the campaign would have been tossed into a state of confusion and great harm to the public and the candidates would have resulted. Thus, we find no abuse of discretion in the denial of the injunction.
Nevertheless, if § 106.15, Fla. Stat., F.S.A. is unconstitutional, then the above grounds are not sufficient to deny plaintiff's request for an injunction. Thus, we will consider the constitutional issue. See Zabel v. Pinellas County Water & Nav. Control Auth., Fla.App. 1963, 154 So.2d 181, 186.
Plaintiff basically argues that this statute is unconstitutional in that it is an infringement of his right of free speech guaranteed under the U.S. and Florida Constitutions.
The guaranteed right of free speech is not an absolute right. State v. Mayhew, Fla. 1973, 288 So.2d 243. It is well established that a state has a valid interest to protect the integrity of its political processes and insure free and fair elections, and this paramount interest may infringe somewhat upon the area of absolute free speech. Cf. Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); Rosario v. Rockefeller, 410 U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973); State v. Headley, Fla. 1950, 48 So.2d 80; Danciu v. Glisson, Fla. 1974, 302 So.2d 131; Town of Lantana v. Pelczynski, Fla. 1974, 303 So.2d 326. Nevertheless, these controls provided by the state through the legislative branch to insure orderly and effective elections must be reasonable. Danciu, supra. In other words, the legislature may enact reasonable time, place and manner regulations which do not discriminate between speakers or ideas in order to further an important governmental interest unrelated to the restriction on communication; however, the regulations may not impose direct quantity restrictions on political communication and association by persons, groups, candidates and political parties. Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).
Turning to the case at bar in light of the above principles of law, we find that § 106.15, Fla. Stat. is reasonable to preserve the integrity of the electoral process and insure free and fair elections inasmuch as this statute which applies to all candidates whether they are incumbents or not, regulates only the time and manner of political communication by the candidates and does not impose quantity restrictions on a candidate's communication. Clearly § 106.15, Fla. Stat. does not prohibit all forms of political communication, just media advertisements and distribution of campaign literature; and once a candidate qualifies,[2] he is no longer subject to its restrictions. The act protects the public from frivolous candidacies, confusion and deception by limiting the use of campaign advertising through the media to serious candidates, i.e. those who have qualified. It also maximizes the time for incumbents to devote full time to the duties of their publicly held office and reduces the period in which these officeholders will have to concentrate their efforts on campaigning for re-election. Certainly these benefits are valid and legitimate goals of the state to insure the integrity of the political processes. Thus, we conclude that this contention of the appellant is without merit.
For the reasons stated hereinabove, the order denying the preliminary injunction is affirmed.
It is so ordered.
NOTES
[1] which reads in pertinent part:

"106.15 Certain expenditures prohibited
"(1) No person, candidate, political party, political committee, or person acting on behalf of another shall, prior to qualifying for office, directly or indirectly in furtherance of any candidacy make any use of:
"(a) Advertising on radio or television;
"(b) Advertising in newspapers, magazines, or periodicals;
"(c) Advertising on billboards, banners, or streamers;
"(d) Advertising on campaign literature or any other printing; or
"(e) [A rented] hall in which to address the public."
* * * * * *
[2] pursuant to § 99.061, Fla. Stat.