MAXWELL, J.,
for the Court:
¶ 1. After the Board of Aldermen for the City of Canton, Mississippi, voted to remove four members of the Canton Utilities Commission, the ousted commissioners[1] took two legal actions in the Madison County Circuit Court. They filed a bill of exceptions, which is the statutory procedure to appeal a municipal board’s decision [2] (Action 1). And they filed a separate complaint against the city, the board, and the mayor[3] for injunctive relief from the very same board decision they had just appealed (Action 2).
¶ 2. But the Mississippi Supreme Court has been crystal clear that parties aggrieved by a municipal board’s decision cannot go outside the statutory bill-of-exceptions procedure and seek independent injunctive relief.[4] Instead, the bill of exceptions provides the “exclusive remedy.”[5] Following this directive, the circuit court dismissed Action 2 — the complaint for in-junctive relief — on the pleadings.[6]
*1217 ¶ 3. This is the appeal of the dismissal of Action 2 only. This is not an appeal of Action 1, which, to this court’s knowledge, is still pending in circuit court. So the only question before us is whether the circuit court properly dismissed Action 2.[7] And on de novo review,[8] we find the circuit court was eminently correct to order dismissal.
¶ 4. The ex-commissioners cite Cook v. Board of Supervisors of Lowndes County for the proposition that they are entitled to an original action in circuit court because they were denied a meaningful due-process hearing before the board.[9] But Cook dealt with only one action, which the supreme court noted it “could simply treat ... as an appeal.”[10] Cook did not deal with the scenario of two separate, simultaneously filed actions — (1) an appeal of a board action via a bill of exceptions and (2) an original action for injunctive relief from the same board action. And the supreme court opinions that have dealt with two actions have affirmed the dismissal of the separate action for injunctive relief, based on an “adequate remedy at law” provided by the bill-of-exceptions statute.[11]
¶ 5. For this reason,, we too affirm the circuit court’s dismissal of the ex-commissioners’ request for injunctive relief in Action 2.
¶ 6. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. The four removed commissioners are Lan-dress Cheeks, Cleotha Williams, L.C. Slaughter, and Shoney Harris. For simplicity's sake, we refer to these four collectively as the ' ‘ex-commissioners.

. See Miss.Code Ann. § 11-51-75 (Rev.2012).

. The ex-commissioners had also sued the board members individually, but later agreed to dismiss the individual board members with prejudice.

. A-1 Pallet Co. v. City of Jackson, 40 So.3d 563, 568-69 (¶¶ 18-22) (Miss.2010); Falco Lime, Inc. v. Mayor & Aldermen of Vicksburg, 836 So.2d 711, 715-16 (¶ 16) (Miss.2002); Benedict v. City of Hattiesburg, 693 So.2d 377, 380-81 (Miss.1997); Moore v. Sanders, 558 So.2d 1383, 1385 (Miss.1990); Highland Vill. Land Co. v. City of Jackson, 243 Miss. 34, 44-45, 137 So.2d 549, 552 (1962).

. Falco Lime, Inc., 836 So.2d at 717 (¶ 24) (emphasis added) (quoting Benedict, 693 So.2d at 381).

. Included in the “exclusive remedy” available in an appeal via a bill of exceptions is the delay of the implementation of the challenged board action until the circuit court makes its ruling. Falco Lime, Inc., 836 So.2d at 716-17 (¶ 20) (citing M.R.C.P. 62) (noting the "correct way” to "delay the implementation of a municipality's order pending the circuit court's ruling on the bill of exceptions .... is by a stay under Rule 62”). So while the circuit court dismissed Action 2 — the complaint for injunctive relief — the court nevertheless considered in Action 1 whether to grant a stay under Rule 62, pending its ruling in that case.

.For this reason, we do not address any of the other issues raised in the ex-commissioners' brief, as those issues belong in Action 1, which is not before this court on appeal. To be specific, the denial of a stay pending the resolution of the appeal of the board's decision, the validity of the board’s decision, and the circuit court’s standard of review of the board's decision are issues that pertain to the appeal of the board’s decision via the bill of exceptions (Action 1) and, thus, are outside the scope of this appeal (Action 2).

. All dismissals of actions on the pleadings are reviewed de novo. Tubwell v. Grant, 760 So.2d 687, 690 (¶ 11) (Miss.2000).

. See Cook v. Bd.. of Supervisors of Lowndes Cnty., 571 So.2d 932, 934 (Miss.1990).

. Id.

. A-1 Pallet Co., 40 So.3d at 569 (¶¶ 21-22) (relying on section 11-51-75); Moore, 558 So.2d at 1385 (same).