# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-00057-SCT

*JOHN DAVIS AND SHAD DENSON*

*v.*

*CITY OF JACKSON, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/2016 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| TRIAL COURT ATTORNEYS: | DAVID MICHAEL HURST, JR. |
| | KRISTEN NAJUANA BLANCHARD |
| | LASHUNDRA JACKSON-WINTERS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | MONTE L. BARTON |
| ATTORNEYS FOR APPELLEE: | MONICA DAVIS JOINER |
| | KRISTEN NAJUANA BLANCHARD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 04/12/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., MAXWELL AND BEAM, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Plaintiffs John Davis and Shad Denson filed a complaint in Hinds County Chancery Court seeking declaratory and injunctive relief against the City of Jackson, Mississippi ("City"). The plaintiffs, both taxicab drivers, sought (1) a declaratory judgment that the City's taxicab ordinances violate the Mississippi Constitution, and (2) an injunction to prevent the City from denying the plaintiffs a Certificate of Public Necessity for their failure to comply with the City's ordinances. The City filed a motion to dismiss the plaintiffs'

complaint for lack of subject-matter jurisdiction, citing Mississippi Code Section 11-51-75 (Rev. 2012), which requires a bill of exceptions to be filed and transferred to circuit court when the complaining party is aggrieved by a discretionary action of a municipal governing authority. The chancery court granted the City's motion to dismiss, finding it lacked jurisdiction to consider the case. The plaintiffs appealed. The Court finds that the dismissal for lack of jurisdiction was proper, but for a different reason. The plaintiffs lacked standing to challenge the constitutionality of the City's taxi ordinances because they failed to file or complete the required application to start a taxicab company in Jackson.

## FACTS AND PROCEDURAL HISTORY

¶2. Davis and Denson make their living driving taxicabs in Jackson. Davis has driven a taxicab in Jackson since the early 1990s, and Denson has driven a taxicab for more than fifteen years. Both have worked for various taxi companies in the Jackson area. Shortly after beginning their careers driving taxicabs, Davis and Denson were able to purchase their own vehicles, but due to certain Jackson ordinances, were required to pay fees to existing taxicab companies in order to use their vehicles as taxicabs.[1] They were dissatisfied with this arrangement but allege that they were never able to start their own taxicab businesses due to Jackson's requirement of a Certificate of Public Necessity ("CPNC"), a prerequisite to starting a taxicab company in Jackson.

---

[1] Davis began a "lease-to-own" program "around 1999 or 2000" paying $250 per week, plus ten percent on any fares paid. "Later," Davis bought additional cars and hired drivers but was charged $100 more for each additional car. Denson bought his own taxicab after about eight months of driving taxicabs. Denson also had to pay a fee of $250 per week plus ten percent on contract vouchers.

¶3.   Davis never filed an application to obtain a CPNC.  According to the complaint, Davis inquired with the City's Planning and Permit Department about starting his own taxicab company but was told by a department official that Jackson did not need another taxicab company.  Denson did not complete his application to obtain a CPNC.  Denson claimed that a City official told him not to pay the nonrefundable application fee until his application was ruled on.  Denson stated that, in attempting to comply with all of Jackson's taxicab ordinances, his finances were depleted before his application could make it through the entire review process.  Both plaintiffs claimed that applying for a CPNC would be futile due to the City's "anticompetitive, arbitrary, and irrational requirements."

¶4.   On March 2, 2016, Davis and Denson filed a complaint in Hinds County Chancery Court challenging the constitutionality of the requirement to (1) possess a Jackson license; (2) have an office in Jackson; (3) have half or all of their vehicles domiciled in Jackson; (4) staff an office twenty-four hours per day; and (5) own at least eight taxicab vehicles.  The plaintiffs argued that the ordinances violate the Due Process Clause and Equal Protection Clause guaranteed by the Mississippi Constitution, and that, because of those "unnecessary and restrictive conditions," they were prevented from starting their own taxicab businesses in Jackson.

¶5.   The City answered, and the plaintiffs shortly thereafter issued their requests for discovery.  Before discovery began, the City filed a motion to dismiss for lack of subject-matter jurisdiction based on the plaintiffs' failure to comply with Mississippi Code Section 11-51-75, *i.e.*, failure to file a bill of exceptions in circuit court.  The City argued that a bill

of exceptions was the plaintiffs' exclusive avenue to appeal a discretionary action of a municipal governing authority, citing *Falco Lime Inc., et al. v. the Mayor and Aldermen of the City of Vicksburg, et al.*, 863 So. 2d 711, 713 (Miss. 2002), and *Cheeks v. Smith*, 152 So. 3d 1215, 1216 (Miss. Ct. App. 2014) (a bill of exceptions provides the "exclusive remedy" to appeal a municipal board's decision).

¶6.     In response to the City's motion to dismiss, the plaintiffs advanced several arguments relating why they should not be required to file bills of exceptions. The chancellor issued an order granting the City's motion to dismiss. The chancellor, citing *Falco Lime*, 83 So. 2d at 715-716, and *Cheeks*, 152 So. 3d at 1216, found that "the Mississippi Supreme Court has been crystal clear that parties aggrieved by a municipal board's decision cannot go outside the statutory bill-of-exceptions procedure and seek independent injunctive relief." Accordingly, the chancellor dismissed for lack of jurisdiction based on the plaintiffs' failure to comply with the Section 11-51-75 procedure.

¶7.     Plaintiffs Davis and Denson appealed. In response, the City of Jackson argued that Davis and Denson lacked standing to challenge the constitutionality of the City's ordinances because they never filed or completed applications for CPNCs.

**ISSUES**

¶8.     Two issues are before the Court on appeal:

> **I. Whether the chancery court erred in ruling that it lacked subject-matter jurisdiction based on the plaintiffs' failure to comply with Mississippi Code Section 11-51-75, *i.e.*, file bills of exceptions.**

4

**II. Whether the plaintiffs lacked standing to challenge the constitutionality of Jackson's taxicab ordinances because they failed to file or complete applications for CPNCs.**

The second issue is case-dispositive.

## STANDARD OF REVIEW

¶9.     "Standing is a jurisdictional issue." ***Hotboxxx, LLC v. City of Gulfport***, 154 So. 3d 21, 27 (Miss. 2015) (citations omitted). "Thus, it may be raised by the Court *sua sponte* or by any party at any time, and the standard of review is *de novo*." ***Id.*** The City first raised standing on appeal. As it is a jurisdictional question, the Court will address it.

## DISCUSSION

¶10.     The plaintiffs cite this Court's holding in ***Burgess v. City of Gulfport***, 814 So. 2d 149, 152-53 (Miss. 2002):

> It is well settled that Mississippi's standing requirements are quite liberal. This Court has explained that while federal courts adhere to a stringent definition of standing, limited by Art. 3, § 2 of the United States Constitution to a review of actual cases and controversies, the Mississippi Constitution contains no such restrictive language. Therefore, this Court has been more permissive in granting standing to parties who seek review of governmental actions. In Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.

(Internal quotations omitted.) The plaintiffs argue that they each individually have standing because they "have a colorable interest in the subject matter of this litigation, as they have been driving taxicabs for years and [these] irrational ordinance[s] violate[] their constitutional rights." They further assert that "they can and have demonstrated through their [c]omplaint that there is a realistic danger of sustaining a direct injury (and, in fact, they have

5

already sustained direct injury by being restricted from starting their own cab companies and being forced to only driving for existing cab companies) as a result of the ordinance's [sic] operation and enforcement."

¶11.    The City cites ***Allen v. City of Kosciusko***, 207 Miss. 343, 345 (Miss. 1949).  In ***Allen***, the complainant attempted to challenge the constitutionality of a city ordinance containing certain taxicab permit regulations, without first applying for a permit.  ***Id.*** at 349.  The Court held that "a party not affected by the enforcement of a statute or ordinance cannot question its constitutionality." ***Id.*** at 349-50.  The Court found that the complainant's rights were not affected by the ordinance because "he has never applied for a permit under the new ordinance, has not been granted any permit under the new ordinance, nor have his rights been affected by the sections of the ordinance complained of . . . ." ***Id.*** at 349.

¶12.    The plaintiffs here likewise have failed to file or complete applications for CPNCs, a prerequisite to starting a taxicab company in Jackson.  As such, they cannot demonstrate a colorable interest in the City's taxicab ordinances, and therefore, under Mississippi caselaw, they have no standing.  Further, they cannot claim that the potential to have their applications denied constitutes a colorable interest.  This Court has held that "an inchoate or not fully developed right" is insufficient to demonstrate a colorable interest. ***Hotboxxx, LLC v. City of Gulfport***, 154 So. 3d 21, 27 (Miss. 2015).

¶13.    Although the chancery court dismissed based on the plaintiffs' failure to follow the procedure in Mississippi Code Section 11-51-75, the proper result was reached, and an appellate court may affirm a trial court if the correct result is reached, even if the trial court

6

reached the result for a different reason. *See* ***Methodist Hosp. of Hattiesburg, Inc. v. Richardson***, 909 So. 2d 1066, 1070 (Miss. 2005). The chancery court lacked jurisdiction to consider the complaint, not only because the applicable statute provides for appeal to circuit court, but also because the plaintiffs did not have standing to challenge the constitutionality of the City's taxicab ordinances.

## CONCLUSION

¶14. The chancery court properly dismissed plaintiffs' complaint for lack of subject-matter jurisdiction. The chancery court's dismissal is affirmed.

¶15. **AFFIRMED.**

**WALLER, C.J., KITCHENS, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**