CHARLES F. ROBERTS v. JOHN E. PEACOCK, as Judge of the County Judge's Court, Volusia County, and W. M. LOURCEY.

193 So. 548

Division B

Opinion Filed January 2, 1940

Rehearing Denied February 21, 1940

*Fullerton & Duss* and *J. U. Gillespie,* for Appellant;

*Herbert F. Fuller* and *E. W. Gautier,* for Appellees.

CHAPMAN, J.—The record in this case discloses that W. M. Lourcey, as landlord, and Charles F. Roberts, as tenant, on September 9, 1935, entered into a lease for a period of nine years and four months, and the tenant yielding and paying therefor the sum of $20.00 per month as rental, which became due and payable on the 15th day of each month. One of the material provisions of the lease is, viz.:

"It is agreed between the parties hereto that should the rent as specified herein remain unpaid for a period of thirty days after same shall become due and payable, the said lessor may, at his option, then consider the lessee a tenant at

will and re-enter and re-possess the said premises, and this lease shall become null and void and of no effect, unless the said lease is reinstated by the said parties and in the event the lessor should exercise his option and declare the lease as terminated under the terms of this lease, he shall have the right of ejecting the said lessee, according to law as in such cases made and provided for in the statutes of the State of Florida."

The appellant, as tenant of W. M. Lourcey, defaulted in the monthly payment of his rent provided for in the lease. On December 18, 1937, W. M. Lourcey served a written notice on the appellant, terminating the said lease, and the material portions of the notice are, viz.:

"NOTICE TO VACATE

"To: Charles F. Roberts, P. O. Box 154, Edgewater, Florida.

"This will advise that you are in default for a period of more than thirty (30) days for the payment of rent, after the same became due and payable on the following described property leased to you on September 9th, 1935, by the undersigned, to-wit: * * *

"This will therefore notify you that because of such default, the undersigned, as the lessor in said lease, does hereby exercise his option to consider you a tenant at will and to declare the said lease terminated. You will therefore quit and surrender up possession of the said leased premises above described to the undersigned, on or before the 15th day of January, A. D. 1938.

"You are further notified to leave the said premises, and the buildings located thereon, in the same condition as they are at the present time."

On January 17, 1938, Lourcey filed against appellant a

suit in the County Judge's Court of Volusia County, Florida, for the purpose of recovering the possession of the land or property described in the lease dated September 9, 1935, and the suit resulted in a judgment of eviction of the appellant and the possession of the property awarded to Lourcey.

Charles F. Roberts filed in the Circuit Court of Volusia County, Florida, his bill of complaint and supplemental bill against Lourcey and Honorable John E. Peacock, as County Judge of Volusia County, Florida, praying that the forfeiture of the lease between the parties be decreed void *ab initio* and that Lourcey be restrained from maintaining or prosecuting the eviction proceedings then pending in the County Judges Court of Volusia County; and that the Honorable John E. Peacock, as county judge, be restrained from issuing his warrant to the sheriff of Volusia County, Florida, commanding the removal of the appellant from the property and from placing Lourcey in the possession thereof. Answers were filed and considerable testimony was adduced by the parties before the lower court.

On February 14, 1939, the case was submitted by the respective parties to the chancellor on final hearing, when the court found the equities of the cause with the defendants, dissolved the restraining order previously issued and authorized the County Judge of Volusia County, Florida, to issue his warrant for the eviction from the premises of the appellant and requiring that Lourcey be placed in the possession of the demised premises. From this final decree an appeal was perfected to this Court and the case is here for review.

One of the assignments of error presented here is that the lower court erred in dissolving the restraining order against the Honorable John E. Peacock and the plaintiff

Lourcey in the case then pending in the County Judge's Court of Volusia County. It is well established law that the issuance of a temporary restraining order rests in the sound judicial discretion of the trial court, guided by the established rules and principles of equity jurisprudence arising from the facts of each case. See McMullen v. County of Pinellas, 90 Fla. 398, 106 So. 73; Savage v. Parker, 53 Fla. 1002, 43 So. 507; Gillis v. State Live Stock Sanitary Board, 94 Fla. 890, 114 So. 509; Builders Supply Co. v. Acton, 56 Fla. 756, 47 So. 822; Holt v. DeLoach-Edwards Co., 56 Fla. 902, 48 So. 1039; Allen v. Hawley, 6 Fla. 142, 63 Am. Dec. 198; McKinnie v. Dickenson, 24 Fla. 366, 5 So. 34; Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 So. 574, 127 Am. St. Rep. 155, 16 L. R. A. (N. S.) 307, 14 Ann. Cas. 472; Viser v. Willard, 60 Fla. 395, 53 So. 501; Linton v. Denham, 6 Fla. 533.

The evidence shows that the appellant defaulted in the payment of monthly rentals and a demand or request for the payments was made on the appellant and because he failed to pay the rents, a written notice under the statute was served upon him. The appellant paid into the registry of the court when filing his equity suit the amount admitted by him to be due Lourcey for monthly rentals. It was clearly established that the appellant had defaulted in the payment of rents, and this failure was the cause of the forfeiture of the lease, because more than thirty days intervened between the date of the last payment and the service of the written notice terminating the lease.

The decree appealed from as entered by the lower court, found the equities of the cause to be with the appellees and there is ample testimony in the record to support his findings. It is questionable whether or not the lower court was justified, as shown by the record, in issuing the tempo-

rary restraining order in the first instance, but after hearing all the testimony of the parties on the merits of the case, the lower court dissolved the injunction. We fail to find error in this ruling.

The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.