HORTON, Judge.
These two causes were consolidated by order of the court dated November 14, 1957.
The appellant, plaintiff below, seeks review of an order of the lower court which denied a temporary injunction and dismissed five of the six defendants. That portion of the order dismissing five of the defendants was upon the ground that the complaint did not state a cause of action against them.
The appellant’s complaint alleged that he was a plumbing contractor in Dade County, Florida, and had contracted with the appel-lee, Porter-Wagor-Russell, Inc., to supply labor and materials to complete plumbing installation for 65 homes to be constructed by the appellee-corporation; that he commenced to perform under his contract when, on October 4, 1957, he received a letter from the appellee, Porter-Wagor-Russell, Inc., informing him that objections had been made by representatives of the appellee-unions to his use of non-union employees, and that in view of such objections, the appellant would be permitted to finish fifteen houses which were then under construction, but thereafter would be required to use only union employees on the remainder of his contract or suffer cancellation of said contract. The contract between the appellant and the appellee, Porter-Wagor-Russell, Inc., was in writing and contained no requirement that union labor only be used in fulfilling the contract. In substance, the complaint alleged an initial conspiracy among the union defendants, later joined by the appellee, Porter-Wagor-Russell, Inc., to prevent the appellant from performing under his contract, and to force him to require his employees to join the union or to suffer loss of their employment. Various alleged overt acts are delineated as a result of the alleged conspiracy, in particular, the alleged coercion and intimidation of the appellee, Porter-Wagor-Russell, Inc., that ultimately resulted in the sending of the aforementioned letter of October 4, 1957 to the appellant. The injury complained of as a result of the alleged conspiracy was work stoppages occasioned by union employees of other sub-contractors on the job refusing to perform, thereby causing the appellant to be unable to perform under his contract. Irreparable harm and damage was alleged to have been occasioned by this conduct and conspiracy and a temporary injunction, as well as damages for the alleged conspiracy, was sought.
The allegations of the complaint sought to invoke the equity jurisdiction of the court but also prayed for compensatory and punitive damages for the alleged tort of conspiracy.
The appellant has filed separate briefs upon the two principal points involved, namely (1) the alleged error of the lower court in failing to grant a temporary injunction, and (2) the alleged error of the lower court in dismissing the complaint as to five of the appellees. Insofar as the appellant’s first point is concerned, we deem that it would apply only to the appellee, Porter-Wagor-Russell, Inc., for the reason that the complaint was not dismissed as to said appellee but only a temporary injunction was denied. In considering the application for temporary injunctive relief against the appellee, Porter-Wagor-Russell, Inc., the chancellor below was called upon to exercise his discretion in determining whether or not the allegations of the com *649 plaint were such as to warrant the issuance of the writ. This court, as an appellate court, can consider only the question of the alleged abuse of discretion of the chancellor below in denying the temporary injunc-tive relief sought. It has not been made to clearly appear that the chancellor abused his discretion in denying such relief. See Roberts v. Peacock, 141 Fla. 214, 193 So. 548; Clark v. Kreidt, 145 Fla. 1, 199 So. 333.
On the second principal point, the dismissal of the complaint as to five of the appellees, the appellant has urged the sufficiency of his complaint, particularly as it relates to conspiracy. His argument, as well as the authorities in support thereof, are persuasive, but tend to support the correctness of the ruling of the lower court in that it becomes apparent that the appellant has a remedy at law. Certainly if the ap-pellee, Porter-Wagor-Russell, Inc., has breached its contract or is about to do so, adequate damages could be reasonably ascertained. Further, if appellant’s charges as to the alleged actions of the union ap-pellees can be sustained by competent proof, it may be that the acts complained of would constitute a criminal violation of Chapter 447, Fla.Stat., F.S.A., in which event there would likewise exist an adequate remedy. See Pompano Horse Club, Inc., v. State ex rel. Bryan, 93 Fla. 415, 111 So. 801, 52 A.R.L. 51; Lansky v. State ex rel. Gibbs, 145 Fla. 301, 199 So. 46; and Polk v. Polk, Fla.1949, 41 So.2d 150. The mere fact that a litigant seeks an injunction does not necessarily confer equitable jurisdiction upon a court for the purpose of granting a purely legal remedy. See Ramsey v. Lovett, Fla.1956, 89 So.2d 669. Although the appellant has, as we have observed, strenuously argued the sufficiency of the allegations of his complaint to support a conspiracy against the dismissed appellees, we do not think it proper to express an opinion as to the sufficiency of such allegations when it is apparent that they are matters to be determined in an action at law. Having concluded that the lower court’s order appealed was without error, it follows that the same should be and it is hereby affirmed.
Affirmed.
PEARSON, J., concurs.
CARROLL, CHAS., C. J., concurs in judgment.