114 So.2d 347 (1959)
NORTH DADE WATER CO., a Florida corporation, and The City of North Miami Beach, a municipal corporation, Appellants,
v.
ADKEN LAND CO., a Florida corporation, Appellee.
No. 59-337.
District Court of Appeal of Florida. Third District.
August 27, 1959.
Rehearing Denied September 22, 1959.
Myers, Heiman & Kaplan, Miami, for appellants.
Anderson & Nadeau, Miami, for appellee.
HORTON, Chief Judge.
The appellee-plaintiff instituted an action for temporary and permanent injunction to restrain the appellants-defendants from draining effluent into two lakes situated on appellee's property. The chancellor entered a temporary injunction so restraining the appellants, and from this order an interlocutory appeal was taken.
Appellant, City of North Miami Beach, is the owner and operator of a water supply and sewage collection plant, purchased from appellant, North Dade Water Company. Appellee is the owner of property upon which two land-locked lakes are located. This property was acquired from North Dade Land Company, an affiliate of the appellant, North Dade Water Company. The sewage treatment plant adjoins Myrtle Lake, and effluent from this plant is discharged into Myrtle Lake, which in turn, discharges through a culvert into the two *348 lakes situated on appellee's property. The appellee alleged that the discharge into the lakes situated on its property is resulting in the pollution of said lakes. Appellee offered the testimony of a chemist, who had analyzed samples of water taken from each lake, that these samples showed sewage bacteria and further, that there was a strong odor in the area of Myrtle Lake. Other testimony was offered that the culvert connecting Myrtle Lake with the two lakes on appellee's property was not present approximately three or four weeks prior to the testimony.
The appellants' brief raises three principal points, i.e., (1) that the chancellor erred in granting an injunction which changes the status quo without proof of irreparable injury; (2) that the chancellor erred in refusing to take into consideration the inconvenience of denying sanitary services to a great number of people, while protecting the relatively less inconvenience of odor to the surrounding neighborhood; and (3) that the chancellor erred in granting temporary injunction which, in effect, disposes of all of the issues of the case.
The granting or denying of a temporary injunction is generally within the sound judicial discretion of the chancellor and the exercise of that discretion will not be disturbed unless there is a clear showing of abuse. It has not been made to appear, in this instance, that the chancellor abused his discretion in granting the temporary injunction. See Albury v. Plumbers Local Union No. 519, A.F. of L.-C.I.O., Fla.App. 1958, 100 So.2d 647. The nature of a temporary injunction is such that it is granted sparingly and cautiously, taking into consideration the beneficial results on one hand and the probable detriment on the other. In considering the application for temporary injunctive relief by the appellee, the chancellor necessarily must have considered possible future pollution and its effect on the health and welfare of the surrounding property owners. See Roberts v. Peacock, 141 Fla. 214, 193 So. 548; Clark v. Kreidt, 145 Fla. 1, 199 So. 333; Davis v. Goodwin, Fla.App. 1958, 100 So.2d 75.
The obvious purpose of a temporary injunction is to maintain a status quo of the subject matter of the suit pending a final determination of the cause. As the name would imply, a temporary injunction is not conclusive and the provisions of same may be merged in or dissolved by the final decree, dependent upon a determination of the issues made by the complaint and answer. See Smith v. Housing Authority of Daytona Beach, 148 Fla. 195, 3 So.2d 880; 28 Am.Jur., Injunction, § 12 (1959).
Accordingly, the order appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.