PER CURIAM.
 Alleging that defendant corporations through their officers and agents have induced and unless enjoined will continue to induce their customers to breach contracts for laundry and linen supply services, plaintiff sought an injunction and damages. No specific contracts were shown, only blank forms. Names of customers alleged to have made contracts were included by amendment. Defendants’ motion to dismiss was denied, and they have appealed. The sole question is the sufficiency of the complaint. The law affords relief against one inducing breach by a contracting party. Dade Enterprises v. Wometco Theatres, 119 Fla. 70, 160 So. 209; Duval Laundry Co. v. Reif, 130 Fla. 276, 177 So. 726; Harvey Corporation v. Universal Equipment Co., 158 Fla. 644, 29 So.2d 700, 704; Regan v. Davis, Fla.App.1957, 97 So.2d 324, 327-28; Steffan v. Zernes, Fla.App.1960, 124 So.2d 495, 498; IV Restatement, Torts, § 766. The questions, important to this case which involves the highly competitive laundry business, of whether defendants were privileged as competitors to solicit plaintiff’s (contract) customers and whether non-tortious means were used, are matters to be raised and tested on defense, and therefore not now before us for consideration.
Affirmed.