PER CURIAM.
This interlocutory appeal is taken from an order dissolving a temporary injunction. Ed Lane and Ed Lane Auto Sales, Inc., were the plaintiffs in the trial court and are *16 the appellants here. The complaint alleged that the defendants, Reubin J. Clein, Joe Clein and Robert Willis, acting under the guise of selling a pttblication known as “Miami Life”, stationed their agents in front of the place of business of Ed Lane Auto Sales, Inc., and caused the agents to shout derogatory statements about the plaintiffs, Ed Lane and Ed Lane Auto Sales, Inc. These utterances were made on or about the 3rd day of July, 1961. It was also alleged that the statements were malicious, false and designed to destroy the business of the plaintiff, and “that if the defendants are allowed to continue the activities aforedescribed, plaintiffs will be irreparably damaged in their business and employment and will be subjects of ridicule and disgrace in the community”.
Based upon the sworn complaint, a circuit judge, acting for his alternate upon an emergency basis, entered the restraining order. The salient portions of the order are as follows:
“ORDERED, ADJUDGED AND DECREED:
“That the defendants, REUBIN J. CLEIN, JOE CLEIN and ROBERT WILLIS, all citizens and residents of Dade County, Florida, and all of their agents and employees be temporarily enjoined and restrained from appearing on or around plaintiffs’ business address at S700 N.W. 36th Street, Dade County, Florida, for the purpose of uttering, speaking or publishing any statements against the plaintiffs, or either of them, or for the purpose of molesting plaintiffs in the business conducted by ED LANE AUTO SALES, INC. at 5700 N.W. 36th Street, Dade County, Florida.”
Thereafter.the defendants filed a motion tc dissolve the temporary injunction.[1]
Counsel agree that no testimony was taken at the hearing on defendant’s motion. We have no record of this hearing other than the order dissolving temporary injunction and the order does not designate the ground upon which the injunction was dissolved.
Wide judicial discretion rests in the court in the granting, denying, dissolving or modifying injunctions and an appellate court will not interfere where no abuse of discretion appears. Shaw v. Palmer, 54 Fla. 490, 44 So. 953. The fact that the emergency judge had granted the injunction in no way limits the discretion of the judge in whose division the cause fell.
The burden of appellants’ argument is that equity can and should grant injunctive relief against a continuing course of conduct which is designed to destroy the business of another. See cases cited at 28 Am.Jur., Injunctions, § 134. The appellees, upon the other hand, urge that they are immune because they operate a newspaper. *17 They urge that maintenance of freedom of the press is so important that a court ought always to refuse injunctive relief.
We do not find it necessary to pass upon the sufficiency of appellees’ position. Indeed it does not appear to us that the question of freedom of the press is involved. In the absence of a record which shows the chancellor’s refusal to take testimony or shows testimony sufficient to demonstrate an abuse of discretion, we will not disturb the order of the chancellor dissolving the temporary injunction issued without notice.
Affirmed.

. The motion listed seven grounds as follows:
“1. There is no equity in said Bill of Complaint filed herein.
“2. The allegations of the Complaint filed heroin do not entitle Plaintiffs to an injunction.
“3. The allegations in said Complaint do not state any facts which show or tend to show that a failure to grant the temporary injunction would work irreparable injury to the Plaintiffs.
“4. The Temporary Injunction was granted without notice and without sufficient allegations or evidence of the existence of such facts and circumstances as entitle Plaintiffs to the injunction without notice.
“5. The Complaint shows that the acts complained of, if true, had been committed prior to the filing of the Complaint herein.
“6. The acts complained of in the Complaint herein refer to personal rights and Plaintiffs have an adequate remedy at law, if any action lies.
“7. The issuance of the Temporary Injunction violates the Constitution of the United States and of the State of Florida and particularly Article THIRTEEN of the Declaration of Rights of the latter.”