159 So.2d 105 (1963)
Dale E. CUNNINGHAM, Dante Dino and Edward Hines, Appellants,
v.
Hester DOZER, as City Clerk of City of Opa Locka, Florida, et al., Appellees.
No. 63-677.
District Court of Appeal of Florida. Third District.
December 23, 1963.
Rehearing Denied January 13, 1964.
Pruitt & Pruitt, Miami, for appellants.
Anderson & Nadeau, Albert L. Weintraub, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
By this interlocutory appeal, the appellants seek review of an order dissolving a temporary injunction. The appellants, as plaintiffs, secured a temporary injunction upon an emergency hearing enjoining recall proceedings against the appellants as municipal officers. After the original complaint had been amended and responsive pleadings had been filed, a motion to dissolve the temporary injunction was presented to the chancellor who, after hearing argument of counsel and having reviewed certain testimony as to whether or not the affidavit [upon which the recall election was based] was properly sworn to, entered an order dissolving the original injunction restraining the recall proceedings.
The granting or dissolving of temporary injunctions is a matter peculiarly within the discretion of a chancellor, and the chancellor's action in this regard will not be interfered with by appellate courts unless there is a clear showing that the chancellor abused his discretion. See: Albury v. Plumbers Local Union No. 519, A.F. of L-C.I.O., Fla.App. 1958, 100 So.2d 647; North Dade Water Co. v. Adken Land *106 Co., Fla.App. 1959, 114 So.2d 347; Lane v. Clein, Fla.App. 1962, 137 So.2d 15. It is not the prerogative of appellate courts to substitute their judgment for that of a chancellor. It is for the appellate court to determine whether or not, under the circumstances presented by the record on appeal, the chancellor committed an abuse of discretion in dissolving the injunction. Following a careful review of the record on appeal, briefs and oral argument of counsel, the appellant has failed to carry the burden of demonstrating that the chancellor abused his discretion and, therefore, the order of dissolution is hereby affirmed.
Affirmed.