PER CURIAM.
These interlocutory appeals relate to the propriety, in Case No. 65-797, of a temporary injunction restraining the appellant [defendant in the trial court] from interfering with contractual relationships between the plaintiff-appellee and its customers; and in Case No. 65-798 to the propriety of an order entered in the same cause denying certain discovery proceedings to the defendant and denying its motion to join certain defenses. These cases were consolidated for oral presentation.
We have examined the briefs, appeal papers and appendices and fail to find error in the orders specified in the notices of appeal. The appellant has preserved for review the sufficiency of the complaint. It is apparent that it could he improved upon by more detailed allegations as to factual matters constituting the interference alleged. However, under the authorities, it appears sufficient to apprise the defendant of the charges against him. See: Miami Laundry Company v. Sanitary Linen Service Co., Fla.App.1961, 131 So.2d 519; Superior Uniforms, Inc. v. Neway Uniform and Towel Supply of Florida, Inc., Fla.App.1964, 166 So.2d 464; 30 Am.Jur., Interference, § 42, p. 84. Elementary in determining the propriety of a temporary injunction is the necessity for the appellant to show an abuse of discretion in its entry. See: North Dade Water Co. v. Adken Land Co., Fla.App.1959, 114 So.2d 347; Curtis Pools, Inc., v. Fulton, Fla.App. 1959, 115 So.2d 442; Cunningham v. Dozer, Fla.App.1963, 159 So.2d 105. As to the temporary injunction, we find no abuse of discretion. See: Miami Laundry Company v. Sanitary Linen Service Co., supra; Superior Uniforms, Inc. v. Neway Uniform and Towel Supply of Florida, Inc., supra. But, this opinion is not to be considered as approving the breadth of same as a permanent injunction in the event the chancellor should be disposed to render such upon final hearing.
We have examined the other points urged by the appellant and find no error in the actions of the chancellor complained of.
Therefore, for the reasons stated, the orders here under review are hereby affirmed.
Affirmed.