319 So.2d 41 (1975)
Joe TORCISE et al., Appellants,
v.
Germinal A. PEREZ et al., Appellees.
No. 75-225.
District Court of Appeal of Florida, Third District.
September 2, 1975.
Murphy & Cardenas, Coral Gables, for appellants.
Brian R. Hersh, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an interlocutory appeal filed by appellants, defendants in the trial court, seeking review of an order entered by the trial court granting injunctive relief to appellees, plaintiffs below, and denying appellants' motion to dismiss appellee's emergency complaint.
On December 20, 1974, a lengthy emergency complaint was filed by appellees alleging that, in February and March, 1973, they entered into contracts for deed with Loveland Estates Development, Inc., appellant, for the sale of certain tracts of land, in Dade County, Florida. All of the contracts for deed are substantially the same and were drafted by Loveland Estates Development, Inc. The contracts for deed provide that appellees would make down payments of ten percent and such subsequent monthly payments for the next ten to twelve years until the amount paid was equal to the original selling price and interest. The contracts for deed are silent as to whom has possession of the properties prior to all installments being made.
Subsequent to the execution of the contracts for deed, Loveland Estates Development, Inc., through its agent Carlos Salman, *42 co-appellant, entered into a lease with Joe Torcise, co-appellant, for the agricultural use of the same tracts of land which are the subject matter of the contracts for deed executed with appellees.
In their emergency complaint, appellees sought, inter alia, a temporary injunction enjoining appellants from the further use of and trespass on their properties. From an order of the trial court entered on January 13, 1975, denying appellants' motion to dismiss appellees' emergency complaint, and the granting of a temporary injunction to appellees enjoining and restraining appellants, inter alia, from leasing, using, possessing, etc., the subject properties, appellant brings this interlocutory appeal.
The basic question raised on appeal is whether or not as a matter of law, under the contracts for deed, appellees, purchasers, are entitled to use and possession of the subject properties prior to making all of the installment payments required under said contracts.
Section 697.01(1), Fla. Stat., F.S.A., provides as follows:
"All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing payment of money, whether such instrument be from debtor to the creditor or from debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."
In our opinion the contracts for deed were clearly intended to secure the payment of money and under § 697.01(1), Fla. Stat., F.S.A, must be deemed and held to be mortgages and subject to the same rules, regulations, etc., as mortgages. Deeming the contracts for deed to be mortgages under this statute, we find that appellants, in the position of mortgagees under the contracts for deed, had no right to the use or possession of the properties sold to appellees.
See H & L Land Company, Inc., v. Warner, Fla.App. 1972, 258 So.2d 293, citing Mid-State Investment Corporation v. O'Steen, Fla.App. 1961, 133 So.2d 455 (construing § 697.01 Fla. Stat., F.S.A.). Also see § 697.02 Fla. Stat., F.S.A., which provides that "[A] mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession."
Further, this holding comports with the general rules of contract construction that the intention of the parties to a contract will be ascertained from a consideration of the whole agreement. See 7 Fla. Jur. Contracts 377. The contracts for deed in the case sub judice provide, in clause 5, that in the event of default, if the appellees have taken possession of the properties, the appellant Loveland Estates Development, Inc., may retake possession of the properties. Although the contracts for deed do not expressly set forth who will have possession of the properties during the term of the contracts, clause 5 of the contracts certainly implies that such possession may be in appellees.
Further, clause 1 of the contracts for deed provides that the purchasers will pay taxes on the properties and in the event of non-payment by the purchasers the default and termination provisions of clause 5 of the contracts for deed shall apply. We feel that this clause 5 is also recognition of the fact that the parties contemplated possession in the appellees.
Additionally, we feel that our decision gives a reasonable construction to the contracts for deed which are expressly silent as to possession. Common sense would dictate that a person who buys property, absent a clear understanding or contractual language to the contrary, expects to enjoy *43 the use and possession of it, even though such property may be subject to a lien or mortgage to secure the payment of the purchase price. See 7 Fla.Jur. Contracts § 84.
With regard to appellants' contention that the trial court erred in granting injunctive relief to appellees, from a review of the record as a whole, we feel that such contention is without merit. See Gallagher v. Automated Building Components, Inc., Fla.App. 1967, 193 So.2d 445; City of Miami Beach v. Seacoast Towers Miami Beach, Fla.App. 1963, 148 So.2d 554; and Albury v. Plumber's Local Union No. 519, A.F. of L.-C.I.O., Fla.App. 1958, 100 So.2d 647.
The order appealed from is therefore affirmed.
Affirmed.