**FLORIDA DEPARTMENT OF TRANSPORTATION
v. TROST INTERNATIONAL, Ltd., et al.**
No. CA 76-2017.

**FLORIDA DEPARTMENT OF TRANSPORTATION
v. BASS ENTERPRISES PRODUCTION CO., et al.**
No. CA 76-2465.

Circuit Court, Lee County.

June 21, 1978.

Andrew H. Schuster, Tallahassee, for the plaintiff.

Frank A. Pavese of Pavese, Shields, Garners, Haverfield, Klutts & Cottrell, Fort Myers, for the defendant.

JACK R. SCHOONOVER, Circuit Judge.

These two cases come before the court upon defendant Charles George Greiser's motion to tax fees and costs. Because the actions involve identical parties and similar questions of law and fact, they have been consolidated for the sole purpose of disposing of this motion.

Defendant's motion brings before the court the question of whether a condemning authority is required by law to pay the costs incurred by a defendant whose sole interest in the condemned property is that of a vendor under a contract for deed.

Plaintiff condemned five parcels of land in which defendant held an interest. The complaint named defendant and several others as "owners." Defendant filed his answer admitting ownership of the property and alleging that he was entitled to compensation including costs and fees. Nothing in the pleadings indicates that defendant's status is that of a vendor under an agreement for deed; however, the parties have so stipulated. The issues of value of the land taken and damages to the remainder have been settled and the parties have stipulated to an amount constituting reasonable costs and fees. The sole issue remaining is whether the defendant is entitled to tax his costs and fees against the plaintiff.

Liability for court costs and attorney's fees in eminent domain proceedings is governed by Florida Statute 73.091 which provides that —

"The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney's fee to be assessed by that court."

In *Shavers v. Duval County*, 73 So.2d 684 (Fla. 1954), the Supreme Court ruled that the cost statute (then Florida Statute 73.11 (1951)) does not authorize an allowance of attorney's fees to a defendant mortgagee. In so holding, the court noted that the statute —

". . . pertains exclusively to the compensation to be awarded the owner or owners for the property taken, and is included in the award so that the owner or owners will be made whole, in conformance with the mandate of the Florida Constitution . . .

Under our holdings, a mortgagee does not have an estate or interest in mortgaged lands, by virtue of his mortgage, but is merely the owner of a chose in action creating a lien on the property . . .

. . . [W]e think it clear that under our condemnation statutes (which from their nature require a strict construction), a mortgagee of lands sought to be condemned cannot be held to be an 'owner' and hence be entitled to an attorney's fee to be paid by the petitioner, but must be deemed, in this regard, to fall in the class with judgment creditors, as to whom no attorney's fees are allowable."

(citations omitted) *Id.* at 686, 687.

Accord: *Major Realty Corporation v. Florida State Turnpike Authority*, 160 So.2d 125 (Fla. 2d DCA 1964).

Defendant suggests that *Shavers v. Duval County,* supra may no longer be controlling because the statute and constitution applicable in that case have since been amended. The cost statute has been amended to provide for a court rather than a jury determination of fees and costs, compare Florida Statute, 73.11 (1951) to Florida Statute 73.091; and the constitution has been amended to guarantee full compensation rather than just compensation. Compare Declaration of Rights, Section 12, Florida Constitution (1885), to Article X, Section 6, Florida Constitution. Whatever significance these amendments hold in other areas they have no bearing upon the present case. The holding in *Shavers v. Duval County,* supra, continues to be the law today and is applicable to the issue before the court.

The controlling question is therefore whether defendant, as a vendor under a contract for deed is an "owner" or a "lienholder" within the context of the statute and the constitution. The courts of this state have consistently held that a contract for deed is a security or lienhold interest. See *Adkinson v. Nyberg*, 344 So.2d 614 (Fla. 2d DCA 1977); *Cook v. Merrifield*, 335 So.2d 297 (Fla. 1st DCA 1976); *Hoffman v. Semet*, 316 So.2d 649 (Fla. 4th DCA 1975); *Torcise v. Perez*, 319 So.2d 41 (Fla. 3d DCA 1975); *H & L Land Company v. Warner*, 258 So.2d 293 (Fla. 2d DCA 1972); *First Mortgage Corporation of Stuart v. deGive*, 177 So.2d 741 (Fla. 2d DCA 1965); *Mid-State Investment Corporation v. O'Steen*, 133 So.2d 455 (Fla. 1st DCA 1961).

Defendant argues that he is an owner of legal title within the context of Article X, Section 6 of the constitution and should therefore be distinguished from mortgagees and other lienholders who, under *Shavers v. Duval County*, supra, are not entitled to recover costs and fees. While a vendor under an agreement for deed is the holder of legal title, that title has been held to be "a naked legal title as security for the indebtedness." *Mid-State Investment Corporation v. O'Steen*, supra, at 457, (Fla. 1st DCA 1961). As designated in plaintiff's complaint, defendant is an owner; however, he is an owner of a security rather than a proprietary interest.

Because defendant does not own a property interest in the parcels condemned, Florida Statute 73.091 does not authorize him to tax attorney's fees and costs against the plaintiff. Defendant's motion is therefore denied.