PER CURIAM.
Appellant has failed to demonstrate that the trial court abused its discretion, therefore, we affirm that portion of the order granting a temporary injunction restraining appellant and La Morada Condominium Association from interfering with appellee’s use of the laundry space; placing competitive laundry equipment on the premises; and interfering with appellee’s connection to the utilities during litigation of this contract dispute. Northwestern National Insurance Co. v. Greenspun, 330 So.2d 561 (Fla. 3d DCA 1976); Durable Uniform and Linen Supply Co. v. Sanitary Linen Service Co., 183 So.2d 226 (Fla. 3d DCA), cert. dism., 192 So.2d 484 (Fla.1966). See Adoption Hot Line, Inc. v. State, Department of Health and Rehabilitative Services, 385 So.2d 682 (Fla. 3d DCA 1980); Paul’s Drugs, Inc. v. Southern Bell Tel. & Tel. Co., 175 So.2d 203 (Fla. 3d DCA 1965); Miami Laundry Co. v. Sanitary Linen Service Co., 131 So.2d 519 (Fla. 3d DCA), cert. denied, 133 So.2d 325 (Fla.1961). We reverse, however, as to paragraph 1(f) which is overly broad and constitutes a judicially ordered compulsory cross-claim contrary to the language of Florida Rule of Civil Procedure 1.170(g).
With the deletion of paragraph 1(f) in its entirety, the order, as modified, is affirmed.