408 So.2d 1067 (1982)
STATE of Florida ex rel. CITY OF GAINESVILLE, Petitioner,
v.
St. JOHNS RIVER WATER MANAGEMENT DISTRICT, Respondent.
No. AC-427.
District Court of Appeal of Florida, First District.
January 12, 1982.
Rehearing Denied February 11, 1982.
*1068 David LaCroix, Gainesville, for petitioner.
Herbert Webb, Gainesville, for respondent.
David E. Cardwell, Lakeland, amicus curiae.
WENTWORTH, Judge.
This cause is before us on petition for a writ of mandamus by which the state, on behalf of the City of Gainesville, challenges respondent's refusal to make payments into a community redevelopment trust fund. Respondent, the St. Johns River Water Management District, is a special taxing district which, in the circumstances of this case, we conclude, may not be compelled to make the contested redevelopment payments.
The City of Gainesville, pursuant to Chapter 163, Florida Statutes, adopted a community redevelopment plan which includes the revitalization of certain properties within respondent's geographical jurisdiction. The city also established a redevelopment trust fund to which, pursuant to § 163.387, Florida Statutes, affected taxing authorities are required to annually appropriate the ad valorem tax increment resulting from increased property valuation due to the redevelopment project. Respondent has refused to appropriate this increment to the redevelopment trust fund, contending that such an appropriation would exceed the constitutional limit of its taxing authority as a special taxing district.
Article VII, section 9(a), Florida Constitution, allows the legislature to authorize special districts, among other taxing entities, to levy ad valorem and other taxes "for their respective purposes" [e.s.]. Florida law has long established that a special taxing district may not be created with general taxing authority, and may be empowered to levy only those taxes bearing a substantial relation to the special purpose of the taxing district.[1] In the present case the city's development plan has not been shown to have any relation to water management purposes or concerns. We therefore conclude that respondent, as a special taxing district created for water management purposes, is prohibited by article VII, section 9(a), Florida Constitution, from levying taxes for, or making tax appropriations to, the redevelopment trust fund involved in this case.
Petitioner has suggested that the § 163.387, Florida Statutes, ad valorem tax increment *1069 appropriation is merely a measurement formula which does not require the levy or allocation of ad valorem taxes, and which may be financed by funds from other sources. We are not persuaded by this argument, which ignores the financial realities of the tax increment appropriation imposed by § 163.387, and which attempts to accomplish indirectly that which may not constitutionally be done directly. Although State v. Miami Beach Redevelopment Agency, 392 So.2d 875 (Fla. 1981), held that such an appropriation is not necessarily "payable from ad valorem taxation" within the context of article VII, section 12, Florida Constitution, that case did not involve an article VII, section 9 challenge, and the required appropriation was clearly related to the purpose of the taxing entity in the Miami Beach case.
The parties present additional issues with respect to interpretation of the millage restrictions in article VII, section 9(b), Florida Constitution, and as to statutory priority between § 163.387(2)[2] and the provisions of § 373.503,[3] Florida Statutes, which permit taxes by the respondent district solely for purposes related to water management. We find that resolution of these issues is unnecessary because of the primacy of the constitutional restraints in article VII, section 9(a), supra, which prevent enforcement of the literal terms of § 163.387(2) against respondent. We need not rely on either the similar restrictive language of Chapter 373, Florida Statutes, or the more complex terms of article VII, section 9(b), although both provisions appear to be entirely consistent with section 9(a) as above construed.
Since we conclude that the § 163.387 redevelopment ad valorem tax increment appropriation may not be required of the respondent special taxing district, created for a purpose unrelated to and not shown to substantially benefit from community redevelopment, we decline to grant the relief requested. Accordingly, the petition for a writ of mandamus is denied.
SHAW and THOMPSON, JJ., concur.
NOTES
[1] Okaloosa County Water and Sewer Dist. v. Hilburn, 160 So.2d 43, 45 (Fla. 1964): "We have many times held that taxes raised for the purpose of one governmental unit may not be employed to accomplish the performance of the functions of another... ."

Consolidated Land Co. v. Tyler, 101 So. 280, 281 (Fla. 1924): "[I]t is within the law-making power of the Legislature ... to impose particular taxes upon property within the district ... when the formation of the district has at least some special or peculiar relation to benefits or advantages to accrue... ."
Amos v. Mathews, 126 So. 308, 322 (Fla. 1930): "`A particular district or locality cannot lawfully be taxed for the cost of an undertaking which results only in a general public benefit.' But a single project in some instances may constitute a dual purpose, and therefore may justify a levy of taxes appropriate to the purpose... ."
See also, State ex rel. Milton v. Dickenson, 33 So. 514 (Fla. 1902); cf., Crowder v. Phillips, 1 So.2d 629 (Fla. 1941).
[2] § 163.387 Redevelopment trust fund. 

.....
(2) Upon the establishment of a redevelopment trust fund as herein provided, each taxing authority except school districts shall annually appropriate to such fund a sum which is no less than the increment of ad valorem tax revenues as defined and determined in paragraphs (1)(a) and (b) accruing to said taxing authority.
[3] § 373.503 Manner of taxation. 

(1) It is the finding of the Legislature that the general regulatory and administrative functions of the districts herein authorized are of general benefit to the people of the state and should fully or in part be financed by general appropriations. Further, it is the finding of the Legislature that water resources programs of particular benefit to limited segments of the population should be financed by those most directly benefited. To those ends, this chapter provides for the establishment of permit application fees and a method of ad valorem taxation to finance the activities of the district.
(2)(a) The Legislature declares that the millage authorized for water management purposes by s. 9(b), Art. VII of the State Constitution shall be levied only by the water management districts set forth in this chapter and intends by this section to prevent any laws which would allow other units of government to levy any portion of said millage. However, this does not preclude such units of government from financing and engaging in water management programs if otherwise authorized by law.
(b) Pursuant to s. 11(a)(21), Art. III of the State Constitution, the Legislature hereby prohibits special laws or general laws of local application pertaining to the allocation of any portion of the millage authorized for water management purposes by s. 9(b), Art. VII of the State Constitution to any unit of government other than those districts established by this chapter.
.....
(3) The districts may levy ad valorem taxes on property within the district solely for the purposes of this chapter and of chapter 25270, Laws of Florida, 1949, as amended
... .
[e.s.] 1980 Supp., as amended s. 6, ch. 80-259, Laws of Florida.