484 So.2d 1214 (1986)
STATE of Florida, Appellant,
v.
CITY OF DAYTONA BEACH, Appellee.
No. 67318.
Supreme Court of Florida.
February 27, 1986.
Stephen L. Boyles, State Atty. and George S. Pappas, Asst. State Atty., Daytona Beach, for appellant.
Frank B. Gummey, III, City Atty., Daytona Beach, for appellee.
OVERTON, Justice.
This is a direct appeal from a final judgment validating revenue bonds for redevelopment in the downtown area of the City of Daytona Beach. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const. For the reasons expressed, we affirm the bond validation.
The City of Daytona Beach sought validation of improvement revenue bonds not exceeding $20 million to finance the acquisition and construction of a marina, streets, sidewalks, lighting, and other improvements in the downtown area. In 1981, the city adopted resolution No. 81-415, which declared certain property referred to as the "downtown area" to be a slum or blighted area, and established the Community Redevelopment Agency, vesting in the city commission the power to issue bonds. In accordance with that resolution, in August, 1982, the city enacted two ordinances which established a community redevelopment plan for the downtown area and created a redevelopment trust fund. In January, 1985, the city enacted ordinance No. 85-1, which provided for the issuance of the redevelopment improvement revenue bonds that are the subject of this appeal. These bonds are revenue obligations pursuant to article VII, section 11(c), Florida Constitution, and a referendum was not required. The city prescribed three sources of payment for the bonds: (1) operating revenue of the marina; (2) utilities service tax; and (3) downtown area tax increment revenue, to be derived in part from special taxing districts. The controversy in this case centers around the third source of payment.
In opposing the validation of these bonds, the state attorney contended that requiring contribution of tax increment revenue funds from special taxing districts other than the Downtown Redevelopment *1215 Authority is unconstitutional as a violation of article VII, section 9(a), of the Florida Constitution, which provides:
Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.
The state attorney asserts that special tax district funds, including ad valorem taxes, may be utilized only to further the "respective purposes of the district," and argues that the redevelopment project has no relevant or purposeful connection with the Ponce de Leon Port Authority, East Volusia Mosquito Control District, East Volusia Transportation Authority, or Halifax Hospital Medical Center, each of which is a taxing authority that contributes to the redevelopment trust fund. He relies on the First District Court of Appeal's decision in State ex rel. City of Gainesville v. St. Johns River Water Management District, 408 So.2d 1067 (Fla. 1st DCA 1982), in which that court held that the water management district, "as a special taxing district created for water management purposes, is prohibited by article VII, section 9(a), Florida Constitution, from levying taxes for, or making appropriations to, the redevelopment trust fund." 408 So.2d at 1068.
After the St. Johns decision was rendered, the legislature enacted three laws that pertain to this case. Chapter 84-539, Laws of Florida, provides Halifax Hospital Medical Center with the power to foster community redevelopment within the district through financial contribution of tax increment funds to the redevelopment trust fund. Section 163.353, Florida Statutes (Supp. 1984), which provides general authority to taxing districts to appropriate funds to redevelopment trust funds, reads as follows:
Power of taxing authority to tax or appropriate funds to a redevelopment trust fund in order to preserve and enhance the tax base of the authority.  Notwithstanding any other provision of general or special law, the purposes for which a taxing authority may levy taxes or appropriate funds to a redevelopment trust fund include the preservation and enhancement of the tax base of such taxing authority and the furthering of the purposes of such taxing authority as provided by law.
Section 163.387, Florida Statutes (Supp. 1984), provides that no taxing authority is exempt from contributing to a redevelopment trust fund.
We disagree with the state attorney's contention that these statutes are unconstitutional in that they violate the intent of article VII, section 9(a) by allowing the use of ad valorem tax increment revenue of special taxing districts for purposes unrelated to the special taxing districts. Tax increment financing is a method for financing a redevelopment project and is based on the premise that a portion of the increased ad valorem taxes generated as a result of the property improvement should be available to pay for the redevelopment. This Court upheld tax increment financing in State v. Miami Beach Redevelopment Agency, 392 So.2d 875 (Fla. 1981). In that decision, we define "ad valorem tax increment" as follows:
It is the difference between the amount of ad valorem taxes levied by those local governments each year and the amount that would have been produced by the same levy on the assessed value of taxable property in the redevelopment area before the implementation of the plan. Thus the tax increment revenues are measured by the increase in proceeds brought about by the increased value of the property, to be achieved by the improvements made under the redevelopment plan.
Id. at 893-94. We note that the ad valorem tax base of a special taxing district is not reduced because the redevelopment creates an increase in tax revenues for those districts, and the amount of their contribution *1216 will never exceed the amount of the increment.
We find that it is within the legislature's power to make community redevelopment one of the "respective purposes" of special taxing districts and to broaden the purpose of a special taxing district if it determines there is a need to do so.
We find no constitutional infirmity and, accordingly, affirm the final judgment validating the bonds.
It is so ordered.
ADKINS, EHRLICH and BARKETT, JJ., concur.
SHAW, J., dissents with an opinion, in which BOYD, C.J., and McDONALD, J., concur.
SHAW, Justice, dissenting.
Pledging ad valorem taxes as payment for local bonds requires a referendum vote by the electors. Art. VII, § 12(a), Fla. Const. Coining a new label "ad valorem tax increment" does not change the substance of the ad valorem taxes. They are still ad valorem taxes and a referendum is required before they are pledged to finance or refinance capital projects. The violence the majority does to the plain meaning of article VII, section 12(a) is compounded by reading out of the Constitution the limiting language in article VII, section 9(a) that special districts are only authorized to levy taxes for their respective purposes. State ex rel. City of Gainesville v. St. Johns Water Management District, 408 So.2d 1067 (Fla. 1st DCA 1982). The Ponce de Leon Port Authority, East Volusia Mosquito Control District, East Volusia Transportation Authority and Halifax Hospital Medical Center were not created for the purpose of developing downtown Daytona Beach and cannot constitutionally levy what amounts to ad valorem taxes for that purpose. Further, assuming for the sake of argument that they could levy such taxes to pay bonds on capital projects, they could not do so without conducting a referendum of the electors within each special district.
BOYD, C.J., and McDONALD, J., concur.