Thomas E. Shipp, Jr. Attorney for Fort Myers Beach Fire Control District
QUESTION: Is the Fort Myers Beach Fire Control District a "taxing authority" pursuant to s. 163.340(2), F.S.?
SUMMARY: The Fort Myers Beach Fire Control District is a "taxing authority" or "public body" within the scope of s. 163.340(2), F.S., as the district receives revenues from sources in addition to ad valorem taxes.
The Community Redevelopment Act of 1969, codified as Part III of Ch. 163, F.S., was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight. The act also encourages community redevelopment and provides for the redevelopment of slums and blighted areas.[1]
Pursuant to s. 163.387(1), F.S., a redevelopment trust fund shall be established for each community redevelopment agency. These funds are to be used to finance or refinance community redevelopment undertaken by the agency pursuant to the approved community redevelopment plan.
Each taxing authority within the community redevelopment area is required, by January 1 of each year, to appropriate increment revenues to the redevelopment trust fund to pay outstanding indebtedness of the redevelopment agency.[2] Increment revenues are defined as 95 percent of the difference between the amount of ad valorem taxes levied each year by each taxing authority on real property within the boundaries of the community redevelopment area and the amount of ad valorem taxes which would have been produced by the tax levied upon the total assessed value of the taxable real property in the area prior to the effective date of the ordinance providing for funding the trust fund.[3]
Thus, tax increment revenues are measured by the increase in proceeds brought about by the increased value of the property achieved by the improvements made under the redevelopment plan.[4]
According to your letter, Lee County established a community redevelopment agency in 1990 and declared portions of the county, including a substantial portion of the territory of the Fort Myers Beach Fire Control District, to be blighted. The district contends that it is not a "taxing authority" within the terms of s.163.340(2), F.S., which must appropriate funds to the re-development district.
Section 163.340(2), F.S., defines a "taxing authority" as "the state or any county, municipality, authority, special district as defined in s. 165.031(5), or other public body of the state . . . ." The Fort Myers Beach Fire Control District does not contend that it is not a special district within the scope of this definition. Rather, the district argues that it falls within the exceptions provided in the statute. As specifically provided in s.163.340(2), F.S., a "taxing authority" or "public body" for purposes of the act does not include:
 [A] school district, library district, neighborhood improvement district created pursuant to the Safe Neighborhoods Act, metropolitan transportation authority, water management district created under s. 373.069, a special district which levies ad valorem taxes on taxable real property in more than one county, or a special district the sole available source of revenue of which is ad valorem taxes at the time an ordinance is adopted pursuant to s. 163.387. . . . (e.s.)
The Fort Myers Beach Fire Control District states that it is not a "taxing authority" under this definition as "[a]ny special district will have sources of funds from more than just ad valorem taxes," such as, in your case, fire inspection fees, interest moneys, charitable donations, state grant funds, etc. The district contends that incidental or restricted revenues do not bring the fire district within the definition of "taxing authority."
The Legislature has provided specific exemptions from the scope of s. 163.340(2), F.S. Pursuant to the statute "a special district the sole available source of revenue of which is ad valorem taxes" is not a "taxing authority." It is axiomatic then that a special district with revenue sources in addition to ad valorem taxes is not exempted from the terms of the statute.
The term "solely" is a word of limitation, restriction, or exclusion, which in its ordinary sense[5] means without another; singly; alone; only; exclusively; to the exclusion of other purposes; entirely; wholly.[6] Where the language used by the Legislature makes clear its intent, that intent must be given effect.[7] Thus, absent a violation of a constitutional right, a specific, clear and precise statement of legislative intent will control in the interpretation of a statute.[8] Further, statutory language is not to be assumed to be superfluous, that is, a statute must be construed so as to give meaning to all words and phrases contained within that statute.[9]
This office is without authority to qualify or read into this statute an interpretation or define words in the statute in a manner which would seem more equitable under circumstances presented by a particular factual situation. Such action, when the language of a statute is clear, would in effect be an act of legislation which is exclusively the prerogative of the Legislature.[10]
Finally, I would note that The Supreme Court of Florida has determined that the scheme implemented in the Community Re-development Act allowing the use of ad valorem tax increment revenue of special taxing districts for community redevelopment trust funds did not violate s. 9(a), Art. VII, State Const.[11]
In State v. City of Daytona Beach,[12] the Court determined that the Legislature had the power to make community redevelopment one of the "respective purposes" of special taxing districts and to broaden the purposes of special taxing districts if it determines there is a need to do so.
Section 9(a), Art. VII, State Const., provides:
Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.
In this case the state attorney opposed the validation of community redevelopment improvement bonds because one of the sources of payment was downtown area tax increment revenues to be derived in part from special taxing districts. The state attorney asserted that special tax district funds may be utilized only to further the "respective purposes of the district," and that the redevelopment project had no relevant or purposeful connection with the special taxing districts.[13] The Court noted that s. 163.353, F.S., provides general authority to taxing districts to appropriate funds to redevelopment trust funds[14] and that s. 163.387, F.S., provides that no taxing authority is exempt from contributing to a redevelopment trust fund. Thus, the Court determined that community redevelopment is an appropriate expenditure of special tax district funds.
Accordingly, it is my opinion that the Fort Myers Beach Fire Control District is a "taxing authority" under s. 163.340(2), F.S., as ad valorem taxes are not the sole source of revenue for the district.
[1] See, s. 163.340(9), F.S., defining "[c]ommunity redevelopment" project; see also, s. 163.340(10) and (11), F.S., defining "[c]ommunity redevelopment area" and "[c]ommunity redevelopment plan."
[2] Section 163.387(2)(a), F.S.
[3] Section 163.387(1)(a)-(b), F.S.
[4] For a discussion of tax increment financing see, State v. Miami Beach Redevelopment Agency, 392 So.2d 875, 893-894
(Fla. 1980) and State v. City of Daytona Beach, 484 So.2d 1214,1215 (Fla. 1986).
[5] Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning. See, Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984).
[6] See, 81 C.J.S. Solely p. 676; Webster's New Collegiate Dictionary 1106.
[7] See, Barruzza v. Suddath Van Lines, Inc.,474 So.2d 861 (1 D.C.A. Fla., 1985); Philip Crosby Associates, Inc. v. State Board of Independent Colleges, 506 So.2d 490 (5 D.C.A. Fla., 1987) (cardinal rule of statutory construction is that statute should be construed so as to ascertain and give effect to legislative intent expressed in statute).
[8] See, Carawan v. State, 515 So.2d 161 (Fla. 1987).
[9] See, Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A. Fla., 1982).
[10] Cf., Chaffee v. Miami Transfer Company, Inc.,288 So.2d 209 (Fla. 1974), and AGO 81-10.
[11] State v. City of Daytona Beach, 484 So.2d 1214 (Fla. 1986).
[12] Id.
[13] And see, State ex rel. City of Gainesville v. St. Johns River Water Management District, 408 So.2d 1067, 1068 (1 D.C.A. Fla., 1982) (in which the court held that the water management district, "as a special taxing district created for water management purposes, is prohibited by article VII, section9(a), Florida Constitution, from levying taxes for, or making tax appropriations to, the redevelopment trust fund"). Following theSt. Johns decision, the Legislature enacted s. 163.353, F.S., which provides general authority to taxing districts to appropriate funds to redevelopment trust funds.
[14] Section 163.353, F.S., provides that:
Notwithstanding any other provision of general or special law, the purposes for which a taxing authority may levy taxes or appropriate funds to a redevelopment trust fund include the preservation and enhancement of the tax base of such taxing authority and the furthering of the purposes of such taxing authority as provided by law.