Mr. Philip Perrey General Counsel West Coast Inland Navigation District Post Office Drawer 9480 Bradenton, Florida 34206
Dear Mr. Perrey:
On behalf of the West Coast Inland Navigation District, you ask substantially the following question:
Is the West Coast Inland Navigation District liable for increment tax increases pursuant to s. 163.340, F.S.?
In sum, I am of the opinion:
Inasmuch as the West Coast Inland Navigation District is a multi-county special district levying ad valorem taxes in more than one county, the district is not liable for payment of the tax increment proceeds to community redevelopment agencies within the district pursuant to s. 163.387(2)(a), F.S.
According to your letter the West Coast Inland Navigation District (WCIND) was created by special act as a multi-county special taxing district composed of Manatee, Sarasota, Charlotte, and Lee counties.[1] You further state that WCIND levies ad valorem taxes on taxable real property in all four member counties. A number of community development agencies have been created pursuant to Part III, Ch. 163, F.S., within the four counties.[2]
A question has arisen as to whether WCIND is subject to provisions of ss. 163.353 and 163.387(2)(a), F.S., which provide for payment of tax increment proceeds to such community redevelopment agencies.
Section 163.353, F.S., provides:
Notwithstanding any other provision of general or special law, the purposes for which a taxing authority may levy taxes or appropriate funds to a redevelopment trust fund include the preservation and enhancement of the tax base of such taxing authority and the furthering of the purposes of such taxing authority as provided by law.
Section 163.387, F.S., establishes a redevelopment trust fund for each community redevelopment agency created pursuant to s.163.356, F.S., and provides for its annual funding. Pursuant to s.163.387(2)(a), F.S.,
Except for the purpose of funding the trust fund pursuant to subsection (3), upon the adoption of an ordinance providing for funding of the redevelopment trust fund as herein provided, each taxing authority shall, by January 1 of each year, appropriate to such fund for so long as any indebtedness pledging increment revenues to the payment thereof is outstanding (but not to exceed 30 years) a sum which is no less than the increment as defined and determined in subsection (1) accruing to such taxing authority. If the community redevelopment plan is amended or modified pursuant to s. 163.361(1), each such taxing authority shall make such annual appropriation for a period not to exceed 30 years after the date the governing body amends the plan. No taxing authority is exempt from the provisions of this section.[3] (e.s.)
Since WCIND is a special district with ad valorem taxing powers, some redevelopment agencies have questioned whether WCIND is subject to the above provisions.
Both s. 163.353 and s. 163.387(2)(a), F.S., refer to a "taxing authority." That term is defined in s. 163.340(2), F.S., for purposes of Part III, Ch. 163, F.S., to mean:
the state or any county, municipality, authority, special district as defined in s. 165.031(5), or other public body of the state, except a school district, library district, neighborhood improvement district created pursuant to the Safe Neighborhoods Act, metropolitan transportation authority, water management district created under s. 373.069, a special district which levies ad valorem taxes on taxable real property in more than one county, or a special district the sole available source of revenue of which is ad valorem taxes at the time an ordinance is adopted pursuant to s. 163.387. . . . (e.s.)
Thus, while the above definition of "taxing authority" includes special districts, the statute expressly excludes from that definition special districts which levy ad valorem taxes on taxable property in more than one county. A statutory definition of a word is controlling unless a contrary intent clearly appears.[4] You have advised this office that WCIND levies ad valorem taxes on taxable property in more than one county.
I am of the opinion that inasmuch as the West Coast Inland Navigation District is a multi-county special district levying ad valorem taxes in more than one county, the district is not liable for paying tax increment proceeds to community redevelopment agencies within the district pursuant to s. 163.387(2)(a), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 23770, 1947, Laws of Florida.
[2] See, s. 163.356(1), F.S., stating a county or municipality, upon a finding of necessity as set forth in s. 163.355, F.S., and a further finding that there is a need for a community redevelopment agency to function within the local government, may create a public body corporate and politic to be known as a "community redevelopment agency."
[3] Section 163.387(1), F.S., which provides for the calculation of the tax increment, provides in part:
The annual funding of the redevelopment trust fund shall be in an amount not less than that increment in the income, proceeds, revenues, and funds of each taxing authority derived from or held in connection with the undertaking and carrying out of community redevelopment under this part. Such increment shall be determined annually and shall be that amount equal to 95 percent of the difference between:
(a) The amount of ad valorem taxes levied each year by each taxing authority, exclusive of any amount from any debt service millage, on taxable real property contained within the geographic boundaries of a community redevelopment area; and
(b) The amount of ad valorem taxes which would have been produced by the rate upon which the tax is levied each year by or for each taxing authority, exclusive of any debt service millage, upon the total of the assessed value of the taxable real property in the community redevelopment area as shown upon the most recent assessment roll used in connection with the taxation of such property by each taxing authority prior to the effective date of the ordinance providing for the funding of the trust fund.
Cf., State v. City of Daytona Beach, 484 So.2d 1214 (Fla. 1986) (scheme implemented in the Community Redevelopment Act which allows the use of ad valorem tax increment revenue of special taxing districts for community redevelopment trust funds does not violate s. 9(a), Art. VII, State Const., which requires special tax district funds only to be used for district purposes).
[4] See, e.g., First National Bank of Miami v. Florida Industrial Commission, 16 So.2d 636 (Fla. 1944); Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957).